Mrs. Selma **SPECTOR**, Plaintiff,

v.

**REX SIERRA GOLD CORPORATION**,
Defendant.

United States District Court
S. D. New York.
Feb. 5, 1964.

Cahill, Gordon, Reindel & Ohl, New York City, for plaintiff; Thomas F. Curnin, New York City, of counsel.

Joseph Cohen, New York City, for defendant.

BONSAL, District Judge.

This is an action to recover the amount of two promissory notes totalling $56,-000, which the complaint alleges were executed and delivered by defendant to plaintiff's assignor and which are overdue and unpaid.

Defendant moves before answer under Fed.R.Civ.P. 12(b) for an order dismissing the complaint for lack of jurisdiction. Jurisdiction is asserted on the basis of diversity of citizenship (28 U.S.C. § 1332). Plaintiff is a citizen of New York, and defendant is a Delaware corporation. Diversity depends on whether defendant's principal place of business is in California as contended by the plaintiff, or in New York as contended by the defendant.[1]

■ The location of defendant's principal place of business is a question of fact. Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862 (S.D.N.Y.1959). Papers submitted on this motion show that defendant was incorporated in Delaware on July 18, 1961, that it qualified to do business in California on September 15, 1961, and that it has not qualified to do business in New York. It appears that defendant's business is mining and mining development, and that its only current operations are on a 1600 acre tract in California, where it employs an engineer, a bookkeeper and 5 to 8 field employees. Defendant has filed an affidavit by its President which states that defendant maintains an office in New York City for its President and Vice President, and from which defendant's corporate affairs are managed. This office is shared by another corporation, and the President devotes part of his time to mining interests other than those of defendant.

■■ It appears that the defendant's corporate books and records are in New York; that it maintains a bank account there; that it employs a secretary and an accountant in New York; that such meetings of its Board of Directors and stockholders which have been held since incorporation have been held in New York; and that the corporate expenses are paid from New York or from funds forwarded to California from the New York office.

The Court is satisfied from the papers submitted on this motion that the defendant's sole business is mining and mining development, that California is the only state in which it engages in mining operations, and that defendant's principal place of business is in California.[2] The "nerve center" doctrine [3] is clearly inapplicable to the facts presented here. Indeed, by promptly qualifying in California following incorporation, and failing to qualify in New York, it would appear conclusive that defendant considered its principal place of business to be California. Accordingly, diversity exists, and defendant's motion is denied.

It is so ordered.

1. Subsection (c) of 28 U.S.C. § 1332 provides:

"For the purposes of this section * * * a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

2. Cf. Inland Rubber Corp. v. Triple A Tire Service, Inc., 220 F.Supp. 490 (S.D.N.Y.

1963); Herschel v. Eastern Airlines, Inc., 216 F.Supp. 347 (S.D.N.Y.1963); Hodges v. Georgia Kaolin Co., 207 F.Supp. 374 (M.D.Ga.1962); Webster v. Wilke, 186 F.Supp. 199 (S.D.Ill.1960).

3. See e. g., Wear-Ever Aluminum, Inc. v. Sipos, 184 F.Supp. 364 (S.D.N.Y.1960); Scot Typewriter Co. v. Underwood Corp., supra.