Guillaume DANOS, Sr., Administrator of the Succession of Bazelike Mire, wife of, and Urbin Danos, also known as Urbain Danosse, Appellants,

v.

WATERFORD OIL COMPANY et al., Appellees.

No. 21371.

United States Court of Appeals Fifth Circuit.

Nov. 2, 1965.

---

Wm. J. Daly, New Orleans, La., Wm. J. White, Gretna, La., for appellants.

L. K. Benson, J. B. Miller, Bernard J. Caillouet, Melvin Evans, New Orleans, La., for appellees.

Before JONES and WISDOM, Circuit Judges, and BREWSTER, District Judge.

BREWSTER, District Judge.

The appellant based his claim of jurisdiction in this action to recover ownership and possession of certain land in Louisiana upon the diversity statute. He alleged that the amount in controversy exceeded the statutory minimum, that he was a citizen of Louisiana, and that the three defendants were corporations incorporated and domiciled in states other than Louisiana.

The only question necessary to decide, under the disposition made of this appeal, is whether the trial court correctly granted the motions of the defendants and dismissed the case for lack of jurisdiction on the ground that the principal place of business of Waterford Oil Company was in Louisiana.

The appellant had either overlooked or ignored the amendment of 28 U.S.C.A. § 1332(c), as he alleged only the place of incorporation and domicile of each of the defendants, without any mention of the location of their principal place of business. No issue was made as to diversity as between the appellant and the appellees, Gulf Refining Company and Humble Oil & Refining Company, and the decision of the question before us will turn on whether Waterford Oil Company had its principal place of business in Louisiana.

Waterford was chartered by North Dakota; and it maintained a statutory office and agent for service in the capitol of that state.

The occupation of Waterford Oil Company, as its name implied, was the oil, gas and mineral business. Its principal assets, consisting of ownership of 78,000 acres of land, and various mineral interests in other land, were located in Louisiana. Its principal bank account, as well as three others, was there. The only business office it maintained was in Louisiana. The corporate secretary resided there, and practically all the corporation's records were kept in its Louisiana office. Most of its revenues were derived from its properties and business activities in Louisiana, and most of its expenses were incurred there. A majority of its employees and its payroll were in Louisiana. The only attorneys retained on an annual basis were in Louisiana.

On the other hand, Waterford had little or no business activity in North Dakota, the State where the appellant alleged it was domiciled, as well as incorporated. The office in Bismarck was not the executive headquarters where policies were laid down, nor was it maintained for the purpose of transacting the day-to-day business of the corporation. None of its directors' meetings had ever been held in that State. It had no managing officer there, and owned no real property or substantial assets there. Its revenues and expenditures for operation in North Dakota were less than one per cent, of its respective totals for those items in 1960, and there was none of either in 1961. All of the corporate stock was owned by Mon-

cus & Co. of Montreal, Canada, where two of its four directors lived. All of its directors' meetings had been held in Montreal. Its eight corporate officers were scattered over five states and Canada, with one in Louisiana. Its president was a citizen of New York. There is no evidence that it had ever qualified to do business in New York or in Canada.

There is no disagreement about these facts. The appellant argues that they should be judged by one of the label tests, such as "nerve centers", "center of gravity", or "place of operations", citing Scot Typewriter Co. v. Underwood Corp., S.D. N.Y.1959, 170 F.Supp. 862; Wear-Ever Aluminum, Inc. v. Sipos, S.D.N.Y., 1960, 186 F.Supp. 364, and Egan v. American Airlines, Inc., S.D.N.Y., 1962, 211 F. Supp. 292. The facts do not bring this case within those doctrines, because, among other reasons, there is no evidence that Waterford had qualified to do business in Canada, where its directors' meetings have been held. Spector v. Rex Sierra Gold Corp., D.C.N.Y., 1964, 227 F.Supp. 550. A stronger reason for rejecting appellant's contention is that this Court, in Anniston Soil Pipe Company v. Central Foundry Company, 329 F.2d 313, approved the opinion of Judge Lynne, in D.C., 216 F.Supp. 473, where he said at page 475:

> "Rather than employing the easy labels, 'center of gravity', 'nerve center', or 'place of operations' tests, 1 Moore's Federal Practice (2nd Ed.), 1962 Supplement, ¶ 0.60, page 64, Note 34, the court, after a thorough review of the total activity of the defendant, prefers to conclude flatly that its principal place of business is Holt, Alabama, whereas the control exercised by the New York office was intracorporate in nature."

See also Hodges v. Georgia Kaolin Co., M.D.Ga., 1962, 207 F.Supp. 374.

The total activity of Waterford Oil Company supported the conclusion of the trial court that its principal place of business was in Louisiana.

The judgment is affirmed.