Ceres B. MADOO

v.

GLOBE AMERICAN CASUALTY COMPANY.

Civ. No. S 86–1403.

United States District Court, D. Maryland.

Dec. 31, 1986.

Matthew W. Black, Jr., Rockville, Md., for plaintiff.

W. Barry Wranga, Galiher, Clarke & Galiher, Rockville, Md., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

This is a case filed pursuant to 28 U.S.C. § 1364,[1] which grants the federal district court original and exclusive jurisdiction over direct actions brought against any liability insurer "who by contract has insured an individual, who is a member of a [diplomatic] mission...." as defined in 22 U.S.C. § 254a or in § 19 of the Convention on Privileges and Immunities of the United Nations of February 13, 1946. The defendant insurer has moved to dismiss. (Because the motion is accompanied by matters outside the pleadings, the motion should have been for summary judgment, rather than to dismiss. *See* Fed.R.Civ.P. 12(b)).

The plaintiff was injured in Maryland in an automobile accident on January 20, 1985, by a car owned by a Senor Sevilla and driven by a Captain Fonseca. The accident was allegedly Fonseca's fault. Both Sevilla and Fonseca were Nicaraguan diplomats. Sevilla's diplomatic assignment had terminated January 7, 1985; Fonseca's did not terminate until May 24, 1985. Defendant asserts that both of them had diplomatic immunity at the time of the accident (Sevilla's having continued for at least 30 days after January 7, 1985), but that neither of them had such immunity at the time the complaint herein was filed (May 5, 1986). The plaintiff does not dispute these assertions.

Thus, the narrow question presented is whether the exercise of federal jurisdiction over a direct action against an insurer under § 1364 requires that, at the time the complaint is filed, the mission member (or family member) must be under diplomatic immunity as recognized in 22 U.S.C. § 254 or the United Nations Convention. There is no precedent known to this Court interpreting § 1364 on this point.

The federal courts are courts of limited subject-matter jurisdiction. It is well-settled in at least one area where jurisdiction is status-based (diversity of citizenship), that the court's jurisdiction is tested by facts existing at the time the complaint was filed. *See, e.g., Mullins v. Beatrice Pocahontas Co.,* 489 F.2d 260, 261–67 (4th Cir.1974). Application of such a test appears warranted by the plain language of the statute at issue here: "an insurer who ... has insured an individual, who *is* a member of a mission...." (Emphasis added.) This Court has no warrant to assume that the present tense was inadvertently used by Congress when defining the federal courts' jurisdiction in the statute. Thus, the plain words of the statute appear to require that, when suit is filed, the insured be a member of a mission or otherwise entitled to diplomatic immunity.

As a further aid to interpretation, the Court takes note of the legislative history of Pub.L. 95–393, 92 Stat. 809, which enacted § 1364. The purpose of providing a direct right of action against a diplomat's insurer was firmly set forth by Congress as follows "[§ 1364] creates a substantive right of an insured or damaged party to proceed directly against the insurance company *where the insured diplomat enjoys immunity from suit.*" (Emphasis added.) S.Rep. No. 95–958, 95th Cong., 2nd Sess. (1978) at 8; *reprinted in* 1978 *U.S.Code Cong. & Ad.News* 1935, 1940. The situation that this bill was intended to remedy arose in those cases in which the driver/car owner had diplomatic immunity preventing civil suit from being brought against him:

The reason for this unfortunate situation is that U.S. common law requires a negligently injured party to assert his or her damage claim against the tortfeasor personally, and denies the injured party

---

1. There are, most unfortunately, three entirely disparate federal jurisdictional statutes enumerated as 28 U.S.C. § 1364. This case deals only

with the § 1364 added to the Code by § 7(a) of Pub.L. 95–393, 92 Stat. 809, Sept. 30, 1978.

the opportunity to reach directly any proceeds under a contract of indemnity or insurance which the tortfeasor may have with a third party. Therefore, the mandatory insurance provisions of H.R. 7819 are meaningless where diplomats themselves *remain personally immune from suit.*

S.Rep. No. 95–958 at 7, *reprinted in U.S. Code Cong. & Ad.News* at 1940. (Emphasis added.)

Finally, the matter is most squarely addressed in S.Rep. No. 1108, 95th Cong., 2d Sess. (1978) at 3, *reprinted in* 1978 *U.S. Code Cong. & Ad.News* 1935, 1943 as follows:

> During the consideration of this legislation, it became apparent that the most serious problems of diplomatic immunity arose in connection with traffic accidents caused by foreign diplomats. Strong support was shown for mandatory liability insurance as a method of providing redress for victims of accidents caused by diplomatic personnel. Furthermore, the hearings pointed out that a procedure merely requiring diplomatic personnel to carry liability insurance—as found in the House-passed version of H.R. 7819— would not, by itself, insure an opportunity to obtain compensation since certain diplomatic personnel are personally immune from suit. To provide an effective remedy, Senator Mathias and the administration witnesses urged the committee to enact, as part of the comprehensive revision of United States law dealing with diplomatic immunity, a "direct ac-

tion" statute which would allow an injured party to sue the insurance company directly, without infringing upon the inviolability of a diplomat in those instances *where personal immunity from suit may be validly invoked on behalf of the diplomat* under the Vienna Convention or under other applicable international agreements. Such a mechanism is provided for in section 7 of H.R. 7819, as amended. [Now § 1364.]

(Emphasis added.)

Thus, this Court concludes that diplomatic immunity of the mission member from civil suit at the time the complaint is filed is a necessary prerequisite to the exercise of jurisdiction under the direct action statute, 28 U.S.C. § 1364.[2] The complaint does not allege such immunity. The defendant has asserted, without contradiction by the plaintiff, that the driver and owner had no such diplomatic immunity in May of 1986.[3] Therefore, an order will be entered separately, dismissing the complaint for lack of subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

---

2. The Court is aware that this construction of § 1364 makes the direct action provided therein unavailable to plaintiffs injured by persons no longer diplomatically immune when suit is filed. *Such persons might, by then, have left the forum state or the country.* But, in such a situation, the plaintiff is no worse off than any other plaintiff who is injured by a defendant who is not diplomatically immune, and who has left the forum state or the country. Such an ordinary plaintiff, of course, enjoys no federally-created right of direct action against a defendant's insurance carrier.

3. Because the Court has considered the defendant's State Department affidavits on this issue, the Court will grant the plaintiff 15 days from the date hereof to submit any material countering *the defendant's submission, pursuant to Fed.* R.Civ.P. 12(b) and 56(e). No judgment of dismissal will be entered until then. But, as noted, there appears to be no contest (based on the contents of plaintiff's opposition to defendant's motion) as to the absence of diplomatic immunity of Fonseca and Sevilla on May 5, 1986, the date when suit was filed.