867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TAYWOOD MINING, INC., a Kentucky corporation, Plaintiff-Appellant,
v.
Gary D. WELLMAN; Nyoka Wellman, his wife; Jess Wellman;
Rebecca Wellman; Jess Wellman, Jr., Defendants-Appellees.
 No. 88-3928.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 7, 1988.
Decided: Jan. 11, 1989.
 
 William David Levine (Marshall and St Clair, on brief), for appellant.
 Melissa Manson Hambrick (Rudolph L. Di Trapano, Bernard L. Spaulding, Di Trapano & Jackson, on brief), for appellees.
 Before DONALD RUSSELL, Circuit Judge, and HAYNSWORTH and BUTZNER, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Taywood Mining, Inc., appeals the district court's order dismissing this action for lack of diversity of citizenship between appellees, citizens of West Virginia, and Taywood, a Kentucky corporation with its principal place of business in West Virginia. Taywood is a contract mining company that mines and markets coal owned by others. It brought this action to establish its right to haul coal over a road on land owned by the appellees in West Virginia. Taywood contends that the court erred in finding that its principal place of business was West Virginia and not Kentucky. We affirm for reasons adequately stated by the district court. Taywood Mining, Inc. v. Wellman, C.A. 84-3159 (S.D.W.Va. Jan. 6, 1988).
 
 
 2
 Taywood's administrative, accounting, engineering, and executive offices are located in Lexington, Kentucky. At various times it mined in Kentucky and Tennessee, but the district court found that at the time it filed this action its mining operations were conducted solely in West Virginia where it mined about 50,000 tons of coal a month. An affiliated company owns half of the stock of one of the corporations for which Taywood mined. Both Taywood and the affiliate are subsidiaries of a Texas corporation. Taywood also mined in West Virginia for two other corporations. The district court also found that the vast majority of its employees worked in West Virginia and the company derived all of its revenue from its West Virginia operations at the time suit was instituted. Following the reasoning of Mitchell v. Monongahela Power Co., 602 F.Supp. 756, 758-59 (S.D.W.Va.1985), the court held that West Virginia, the predominant site of Taywood's physical operations, was its principal place of business for purposes of diversity jurisdiction under 28 U.S.C. Sec. 1332.
 
 
 3
 Our review of the record satisfies us that the court's findings are not clearly erroneous and that it committed no error of law. See Mullins v. Beatrice Pocahontas Co., 489 F.2d 260 (4th Cir.1974).
 
 
 4
 AFFIRMED.