904 F.2d 699
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ELK RIVER SEWELL COAL COMPANY, a West Virginia Corporation;
Westmoreland Coal Sales Company, a Delaware
Corporation, Plaintiffs-Appellants,
v.
SOLITAIRE COAL CORPORATION, INC., a Nevada Corporation,
Defendant-Appellee.
 No. 89-2203.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 5, 1990.
Decided: May 23, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Dennis Raymond Knapp, Senior District Judge. (CA-87-95-E-K).
 Charles Leslie Woody, Spilman, Thomas, Battle & Klostermeyer, Charleston, W.Va., argued for appellants.
 Rudolph Lidano di Trapano, Di Trapano & Jackson, Charleston, W.Va., for appellee; Lonnie C. Simmons, Di Trapano & Jackson, Charleston, W.Va., on brief.
 N.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Elk River Sewell Coal Company and Westmoreland Coal Sales Company appeal the judgment of the district court dismissing their action against Solitaire Coal Corporation, Inc., under Fed.R.Civ.P. 12(b)(1) for lack of diversity jurisdiction. On this appeal Solitaire moved for imposition of Fed.R.Civ.P. 11 sanctions and for double costs under Fed.R.App.P. 38. We affirm the judgment of the district court dismissing the action and deny the motion for sanctions and costs.
 
 
 2
 Elk River, a West Virginia corporation, and Westmoreland, a Delaware corporation, executed a contract with Solitaire which principally provided that Solitaire would sell coal to Elk River and employ Westmoreland as its agent for the sale of coal. In this action Elk River charged Solitaire with a breach of the coal sales agreement, default on the promissory note, and other civil transgressions. No claims were grounded in federal law. The sole issue on appeal is whether there existed the jurisdictional requirement of diversity of citizenship. Solitaire, in its motion to dismiss, insisted that it, like Elk River, is a citizen of West Virginia. Elk River contended below and contends here that Solitaire is a citizen of Minnesota. The district court, utilizing the "place of operations" analysis,* held that Solitaire's principal place of business was in West Virginia. It found factually that: Solitaire's business is not diverse or far flung; its sole property is located in Webster Springs, West Virginia; its only tangible assets are the property and the revenue derived from its coal mining operations performed by an independent contractor in West Virginia; and its revenues are derived solely from West Virginia. It also found that Solitaire is solely-owned by an individual who resides in St. Paul, Minnesota, and that on a loan document he listed St. Paul as his principal place of business.
 
 
 3
 On appeal Elk River stresses that: the sole shareholder of Solitaire is a resident of St. Paul; Solitaire was incorporated in Nevada; Solitaire had no employees in West Virginia from 1987 to the present, utilizing a contract miner for mining activities; it had not paid its corporate license tax in West Virginia in 1987, had no telephone in West Virginia from 1985-89, had not filed any federal income taxes since 1985, and had closed its only bank account in West Virginia in 1985; most of its correspondence went to St Paul, Minnesota; and all meetings of its shareholder and director occurred in St. Paul, Minnesota. Under these facts Elk River urges that application of the "place of operations" analysis was inappropriate and that Solitaire's citizenship rather should have been judged under the "nerve center" test, Mullins, 489 F.2d at 262, which would result in Solitaire being considered a citizen of the State of Minnesota.
 
 
 4
 Solitaire argues that it was organized for the purpose of mining and producing coal in West Virginia; that it owns minerals in West Virginia; that the only real estate it owns is in West Virginia; that it does business in no state other than West Virginia and has never had employees in any state other than West Virginia; that all its books and records are in West Virginia; that it pays business and occupation taxes in West Virginia; and that the only money generated by Solitaire was from its coal property in West Virginia.
 
 
 5
 Having considered these arguments and reviewed the record, we are persuaded the district court did not err in using the place of operations test and, under that test, it appropriately determined for diversity purposes that Solitaire's principal place of business was in West Virginia. In view of the above, the judgment of the district court is affirmed. The motion for sanctions and costs is denied.
 
 
 6
 AFFIRMED.
 
 
 
 *
 See Mitchell v. Monongahela Power Co., 602 F.Supp. 756, 758-59 (S.D.W.Va.1985); cf. Mullins v. Beatrice Pocahontas Co., 489 F.2d 260, 262 (4th Cir.1974)