32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frederick A. WALTERS, Plaintiff-Appellant,
v.
George Z. MANN; Questar, Incorporated; Cg Enterprises;
Bonnie Burelle Brown, Personal representative of
Charles W. Brown, Defendants-Appellees.
 No. 93-2206.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 7, 1994.
Decided: July 21, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Aiken. David C. Norton, District Judge. (CA-91-3879-1-18)
 Frederick A. Walters, appellant Pro Se.
 Michael Anthony Scardato, McNair & Sanford, P.A., Charleston, SC, for appellees.
 D.S.C.
 VACATED AND REMANDED.
 Before MURNAGHAN, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant filed a Complaint in the district court claiming that the Defendants owed him more commissions on a contract. Appellant appeals from the district court's order granting summary judgment to the Defendants. We vacate the district court's order because it lacked jurisdiction to consider the case. Appellant stated in the jurisdiction portion of his complaint that:
 
 
 2
 Plaintiff Frederick A. (Tony) Walters, hereinafter referred to as Mr. Walters, was a citizen and resident of the State of Georgia during the pertinent time of the actions as described in the Complaint hereinafter.
 
 
 3
 He listed each Defendant separately and stated that each was a citizen and resident of the State of South Carolina "during the pertinent time of actions described herein."
 
 
 4
 In a diversity case, the relevant question is not where the parties were citizens at the time of actions complained of, but where they were citizens at the time complaint was filed. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426 (1991); Mullins v. Beatrice Pocahontas Co., 489 F.2d 260 (4th Cir.1974). Furthermore, "there is a presumption against the existence of federal court jurisdiction, which remains until jurisdiction is affirmatively alleged by the party seeking to invoke it." Shortt v. Richards Mall Assoc., Inc., 922 F.2d 836 (4th Cir.1990) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936); see also Fed.R.Civ.P.8(a)(1). In this case, Walter sought federal jurisdiction based on diversity of citizenship between the parties. Parties may not waive jurisdictional requirements. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 18 (1951); Farouki v. Emirates Bank International, Limited, 14 F.3d 244, 247 n. 7 (4th Cir.1994). If the parties do not raise the issue of jurisdiction, then the court must on its own motion. Insurance Corp. v. Compagnie des Bauxites, 456 U.S. 694, 702 (1982). An appellate court may raise the issue of jurisdiction for the first time on appeal. Louisville & Nashville R.R. v. Motley, 211 U.S. 149 (1908); cf. Mitchell v. Maurer, 293 U.S. 237 (1934).
 
 
 5
 Appellant did not carry his burden to establish diversity of citizenship in his Complaint because he only alleged diversity of citizenship at the time of the actions complained of, not at the time he filed the Complaint. Therefore, we remand the case to the district court for a determination of whether there was diversity of citizenship when the Complaint was filed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.