**FRONTIER ENERGY CORPORATION, a Delaware corporation, Plaintiff,**

**v.**

**Randy BRODA and Jay–Bee Production Company, a West Virginia corporation, Defendants.**

**Civ. A. No. 1:95–CV–41.**

United States District Court, N.D. West Virginia.

April 26, 1995.

Richard A. Hayhurst, Parkersburg, WV, for plaintiff.

P. Nathan Bowles, Jr., John S. Bailey, Jr., Bowles, Rice, McDavid, Graff & Love, Parkersburg, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

KEELEY, District Judge.

The plaintiff Frontier Energy Corporation ("Frontier") brought this action for injunctive relief to require the defendants to return certain well-tending equipment for its oil and gas wells. The defendants had taken possession of the equipment in anticipation of closing the sale of the leases and production rights for the wells. The closing, set for March 30, 1995, did not take place because negotiations fell through, but the equipment has not been returned. The Court set a hearing on the motion for preliminary injunction for April 20, 1995. Prior to the hearing, the defendants filed a motion to dismiss for lack of subject matter jurisdiction on the ground that there was not complete diversity between the parties as required by 28 U.S.C. § 1332. Thus, the Court took up the motion to dismiss prior to the injunctive issues and for the reasons stated at the hearing, and in more detail below, the Court GRANTS the motion.

Under 28 U.S.C. § 1332, a United States District Court has original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $50,000. A corporation is deemed to be a citizen of any state where it is incorporated or where it has its principal place of business. 28 U.S.C. § 1332(c).

In the complaint, the plaintiff alleged that it had been incorporated in Delaware and had its principal place of business in Connecticut. It further alleged that the defendant Broda is a citizen of New Jersey, and that defendant Jay–Bee Production Company ("Jay–Bee") had been incorporated in West Virginia and had its principal place of business in New Jersey. On its face, the complaint described complete diversity between the parties. However, the defendants argue that the plaintiff's principal place of business is West Virginia, giving it the same citizenship as defendant Jay–Bee, and destroying complete diversity.

In determining the "principal place of business" of Frontier, the Court has two approaches: the "nerve center" test, which focuses upon the decision making functions of the corporation where there is no clear center of corporate business activity, and the "place of operations," which focuses on the site of the corporation's tangible assets and where the actual business of the corporation is carried out. *Mullins v. Beatrice Pocahontas Co.*, 489 F.2d 260, 262 (4th Cir.1974); *Mitchell v. Monongahela Power Co.*, 602 F.Supp. 756, 758–59 (S.D.W.Va.1985). As Chief Judge Haden noted in *Mitchell*, the place of operations test is supported by com-

mentators as the most consistent with legislative intent.

> The legislative history of the statute supports the conclusion that emphasis should typically be placed on the locus of operations rather than where the policy making functions are carried out.

13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3625 (1984). The courts should consider where the corporation is most visible, where it has most contact with the public, where the corporation believes it is a citizen, where business operations were carried out and where it employs people. *Northeast Nuclear Energy Co. v. General Electric Co.*, 435 F.Supp. 344, 346 (D.Conn. 1977); *Gladys Caperton v. Beatrice Pocahontas Coal Co.*, 420 F.Supp. 445 (W.D.Va.1976), affirmed 585 F.2d 683 (4th Cir.1978). Obviously, where there is no clear center of corporate business activity or where there is no current enterprise in which the business is engaged, the place of operations cannot be determined and the nerve center analysis should be applied. *Exxon Corp. v. Duval County Ranch Co.*, 406 F.Supp. 1367, 1369 (S.D.Tex.1975); *Miner v. Commerce Oil Refining*, 198 F.Supp. 887, 892–93 (D.R.I.1961).

■ The testimony of David W. Keefe, Executive Officer of Frontier established the following facts:

1. Frontier Energy Corp. was incorporated in Delaware in 1976 for the purpose of oil and gas exploration and production in Appalachia, specifically Ohio, Pennsylvania and West Virginia.

2. Through Industrial Gas Associates, now wholly owned by Frontier, the plaintiff obtained leases for 54 wells in Ohio, which produced until the 1980s, and are no longer in operation.

3. All of the remaining wells still in production are located in West Virginia. From a high of 115 wells, 39 are still producing and 15 have been suspended for improvement.

4. The plaintiff's well-tending equipment includes a 1989 Ford pick-up truck, a White tractor and trailer, a Curtiss–Wright tank truck, a swabbing unit placed on a 1978 Ford chassis, and two Concoyle downhole produc-

tion units, and all of these are located in West Virginia. All except the production units have been titled and licensed in West Virginia. Frontier also owns a small parcel of land in Ritchie County, West Virginia that it uses as a staging area.

The other assets of Frontier are located in Connecticut and include office furniture and equipment, a library of oil production and bank accounts.

5. Frontier has three employees, the executive director and a part-time secretary who are residents of Connecticut and a well-tender who is a resident of West Virginia.

6. The gross revenue of Frontier was approximately $134,000 in 1994 from oil and gas production from the West Virginia wells. Approximately $1,000 in interest accumulated on the bank accounts in Connecticut.

7. The purchasers of Frontier's oil and gas take title to the products in West Virginia when the oil is put in the trucks and the gas into the pipeline. However, payment goes to Connecticut from the purchasers' offices, which are not in West Virginia.

8. All of the negotiating, leasing, investment seeking, banking, tax filing, accounting and payment of royalties and dividends are activities carried out in Connecticut.

9. Frontier's letterhead lists its address as Greenwich, Connecticut, and it has never had an address, post office box or telephone number in West Virginia.

10. Frontier is registered to do business as a foreign corporation in West Virginia but it is not registered to do business in Connecticut.

These facts amply demonstrate that Frontier is not a far-flung operation and the Court concludes that the "place of operations" test is appropriate for determining its place of business. The Court notes that this is a close case on that test. Frontier is most visible and has the most contact with the public in Connecticut, which it considers its home. The employees are fairly evenly split, the bank accounts are held in Connecticut, taxes are paid and returns filed from Connecticut, and all of the corporate records and meetings are held there. However, the cor-

porate purpose, to produce oil and gas, is achieved in West Virginia; the greater part of the corporate assets are in West Virginia and the corporate income is derived from West Virginia's resources. Also, and particularly noteworthy, Frontier is registered to do business in West Virginia, but not in Connecticut. There may be an adequate explanation for this, but the explanation was not offered in the testimony.

The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction. *Fawvor v. Texaco, Inc.,* 546 F.2d 636 (5th Cir.1977); *McSparran v. Weist,* 402 F.2d 867 (3d Cir.1968) *cert. denied,* 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969); *Webb v. Nolan,* 361 F.Supp. 418 (D.C.N.C.1972), *affirmed* 484 F.2d 1049 (4th Cir.1973) (per curiam). When the plaintiff's allegations of jurisdictional facts have been challenged, as they have been in the defendant's motion to dismiss, it is incumbent upon the plaintiff to prove by a preponderance of the evidence that the jurisdiction of the Court has been properly invoked. *Mitchell, supra* at 758. The Court concludes that Frontier has failed to establish by a preponderance that its principal place of business is other than West Virginia. As defendant Jay–Bee Production Company is also a citizen of West Virginia, complete diversity between the parties does not exist and this Court lacks subject matter jurisdiction.

It is, therefore, ORDERED that the defendant's motion to dismiss is GRANTED and this case is dismissed and stricken from the docket of this Court. As the Court did not reach the merits of the plaintiff's case, dismissal is without prejudice.

The Clerk is directed to transmit copies of this Order to counsel of record herein.