## W&R INVESTMENTS LIMITED PARTNERSHIP, Plaintiff,

v.

## STAR ENTERPRISES, et al., Defendants.

### Civil Action No. 97–926–A.

United States District Court, E.D. Virginia, Alexandria Division.

July 10, 1997.

Rand L. Gelber, Vienna, VA, for Plaintiff W&R Investments Ltd. Partnership.

Michael N. Haynes, Howrey and Simon, Washington, DC, for Defendants Star Enterprises, Inc., Texaco Inc., Saudi Refining, Inc., Bert Lopatin, Steuart Petroleum Co., Kenyon Oil Co.

## *MEMORANDUM OPINION*

CACHERIS, Chief Judge.

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons set forth below, Defendant's Motion is GRANTED, and the case is remanded back to the Circuit Court of Alexandria, Virginia.

### *Facts*

Plaintiff W&R Investments Limited Partnership ("W&R") filed this suit on May 2, 1997 in the Circuit Court of Alexandria, Virginia. In its Motion for Judgment, W&R alleges negligence, trespass, private nuisance, breach of contract and violation of a state water quality statute arising out of the apparent leak of hazardous waste from Defendants' properties onto property owned by W&R. Plaintiff alleges no federal cause of action, and all of the properties are located in Alexandria, Virginia. On June 13, 1997, Defendants collectively removed the case to this Court, alleging diversity of citizenship.[1] Defendant Steuart Petroleum Co. (Steuart) now questions whether this Court has subject matter jurisdiction over this case.

---

1. Although Steuart, the movant here, joined in the Notice of Removal, it apparently did so without the advice of later-retained litigation counsel.

The material factual allegations pertaining to jurisdiction are not disputed. Steuart alleges, and the other parties do not dispute, that (1) its "nerve center" is in Maryland; (2) its principal tangible assets and principal sources of net revenue are in Virginia;[2] and (3) all six of its employees (as opposed to officers and directors, who are mostly in Maryland) and the principal source of its gross revenue are in Florida. The only question before the Court is which state is the "principal place of business" of Steuart. The parties agree that if it is Maryland, then the suit must be dismissed or remanded for lack of diversity; if it is Virginia, then the case must be remanded to the Circuit Court of Alexandria under 28 U.S.C. § 1441(b); if it is Florida, then the case may proceed in this Court.

### Standard of Review

Courts employ two tests to determine the "principal place of business" and thus the citizenship of a corporation: the "nerve center" test, which seeks to discover in which state the decisionmaking authority convenes; and the "place or bulk of operations" test, "which places chief emphasis on where a corporation carries on the bulk of its operational and production activities." *Arbee Mech. Contractors, Inc. v. Capital Sun Corp.*, 683 F.Supp. 144, 146 (E.D.Va.1988) (citations omitted). The Fourth Circuit has elected not to lead the district courts and litigants in choosing one test over the other. *See Mullins v. Beatrice Pocahontas Co.*, 489 F.2d 260 (4th Cir.1974). Commentators seem to agree that the "bulk of operations" test most closely reflects the legislative history of section 1332, *see Arbee*, 683 F.Supp. at 147 (citing non-judicial authorities), and courts in this circuit have held that "[t]he 'nerve center' test seems appropriate only where a corporation is engaged in multi-state activities in offices and plants in different states." *See id.; Mullins v. Beatrice Pocahontas Co.*, 374 F.Supp. 282, 285 (W.D.Va.1974) (declining to apply the "nerve center" test because the firm in question was not a "highly diversified company dealing in varied activities in different states."), *aff'd mem.*, 530 F.2d 969 (4th Cir.1975).

### Analysis

It is undisputed that Steuart engages in petroleum marketing services in Florida, where it earns gross revenue of $80 million from selling fuel and petroleum products to maritime and industrial consumers. Steuart's Virginia holdings include two shopping malls and various unimproved properties. These comprise the "vast majority" of Steuart's tangible assets, and are the principal source of Steuart's net operating income. The Virginia and Florida operations apparently are managed out of the Chevy Chase, Maryland headquarters of Steuart Investment Company ("SIC"), the owner of Steuart. All of Steuart's officers and directors, with the exception of the officer in Florida, are direct employees of SIC.

Steuart is exactly the type of highly diversified company dealing in varied activities in different states amenable to the "nerve center" test. Accordingly, the Court finds that Steuart is a citizen of Delaware, its state of incorporation, and Maryland, the site of its nerve center. Because Plaintiff is also a citizen of Maryland, this Court lacks jurisdiction, and the case is ordered remanded to the Circuit Court of Alexandria.

---

**2.** For example, $42,343,398.82 of Steuart's $43,383,287.58 in tangible assets are in Virginia. *See* Def. Ex. 2.