George FORCE, et al., Plaintiffs,

v.

E.I. DUPONT DE NEMOURS,
et al., Defendants.

Civ. A. No. 1:90–CV–904.

United States District Court,
E.D. Texas,
Beaumont Division.

May 3, 1991.

John Keith Hyde, Law Office of Herschel L. Hobson, Beaumont, Tex., for plaintiffs.

B. Stephen Rice, Hayes, McConn, Price & Pickering, Houston, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING REMAND

COBB, District Judge.

Plaintiffs George Force and Robbie Lou Force have moved the court to remand this action to the 58th Judicial District Court of Jefferson County, Texas due to a lack of complete diversity between the adverse parties. For the reasons set forth below, the plaintiffs' motion is denied.

The thrust of the plaintiffs' motion is that one of the named defendants, Texaco Inc., while incorporated in Delaware, has its principal place of business in Houston, Texas. Texaco Inc. concedes that Delaware is its state of incorporation, but asserts that its principal place of business is Harrison, New York.[1] *See* Defendant's Answers to Interrogatories Nos. 1 and 2 attached as Exhibit D to Texaco Inc.'s Brief in Opposition to Plaintiffs' Motion to Remand (Interrogatory Answers).

For this court to maintain subject matter jurisdiction over this action, there must be complete diversity of citizenship between the adverse parties. *Strawbridge v. Cur-*

---

1. Plaintiffs urge this court to accept as binding in this action a contrary interrogatory response filed by an attorney retained by Texaco Inc. in an unrelated action filed in the District Court of Orange County, Texas. The attorney has filed an affidavit which states that such interrogatory response was prepared erroneously. Counsel for Texaco Inc. in this action represents that the interrogatory response has subsequently been amended to indicate that Texaco Inc.'s principal place of business is in New York. Accordingly, the court finds that the interrogatory response filed in an unrelated state case is not so binding and persuasive as to require remand of this action.

*tiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). Thus, if Texaco Inc. is a citizen of the state of Texas, this court would lack jurisdiction to hear this case. The defendants removed this action to this court pursuant to 28 U.S.C. § 1441. 28 U.S.C. § 1332(c)(1) directs that, for purposes of § 1441, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ..." It is uncontroverted that Texaco Inc. is a citizen of Delaware. Therefore, the only issue before the court with regard to this motion is: what is Texaco Inc.'s principal place of business?

■ In this Circuit, courts are to apply a "total activity" test to determine a corporation's principal place of business. *J.A. Olson Co. v. City of Winona*, 818 F.2d 401 (5th Cir.1987). The "total activity" test has two components: the "nerve center" test and the "place of activity" test. *Olson*, 818 F.2d at 411. With regard to corporations whose operations are far flung, the "nerve center" test is more significant in determining a corporation's principal place of business. *Id.* Texaco Inc., through its subsidiaries and affiliates, has operations in, among many other places, New York, Colorado, Texas, Florida, Oklahoma, Washington, Kansas, the United Kingdom, Indonesia, Latin America, West Africa, Japan, and Korea. *See* Texaco Inc. Annual Report (*passim*) attached as Exhibit C to Texaco Inc.'s Brief in Opposition to Plaintiffs' Motion to Remand (Annual Report). Texaco Inc. is unquestionably the type of "far flung" corporation discussed in *Olson*. Accordingly, this court finds that the "nerve center" test is the proper component of the "total activity" test to apply in this case.

■ The "nerve center" test was first promulgated in *Scot Typewriter Co. v. Underwood Corp.*, 170 F.Supp. 862 (S.D.N.Y.1959). *Olson*, 818 F.2d at 406. The *Scot Typewriter* court stated:

> Where a corporation is engaged in far-flung and varied activities which are carried on in different states, its principal place of business is the nerve center from which it radiates out to its constitu-

ent parts and from which its officers direct, control and coordinate all activities without regard to locale, in the furtherance of the corporate objective.

*Scot Typewriter*, 170 F.Supp. at 865 (quoted by *Olson*, 818 F.2d at 407). After a careful review of the Interrogatory Answers, the affidavit and excerpts from the deposition of Robert E. Koch, Assistant Secretary of Texaco Inc., the following portrait of Texaco Inc. emerges.

Texaco Inc. is essentially a holding company, a vertically integrated enterprise involved on a global basis in the production, transportation, refining, and marketing of crude oil and its byproducts. Texaco Inc. conducts its worldwide operations through hundreds of subsidiaries and affiliates located in 148 different countries. Texaco Inc., itself, manufactures no products (save the corporation's Annual Report). Texaco Inc.'s corporate headquarters and executive offices are located in Harrison, New York. Its mailing address is White Plains, New York. Texaco Inc.'s President and Chief Executive Officer, James W. Kinnear, and the Chairman of the corporation's Board of Directors, Alfred C. DeCrane, Jr., maintain their offices in Harrison, New York, as do the corporation's secretary and comptroller. Sixteen of Texaco Inc.'s twenty-two elected executive officers are stationed in Harrison, New York and four are stationed in Texas. The overwhelming number of the corporation's officers who possess ultimate management responsibility are located in Harrison, New York. Some of the main subsidiaries of Texaco Inc. are TRMI Holdings Inc. (headquartered in Houston), Texaco Chemical Company (headquartered in Houston), and Texaco Trading and Transportation (headquartered in Denver). Texaco Inc., including its subsidiaries, employs 39,000 people worldwide. 8,938 (less than ¼th) of this total work force are based in Texas. 3,100 (less than ¹/₁₀th) of the total work force are Texaco Inc. employees stationed in Texas.

Certainly, "Texaco" and the corporate logo, the Texaco star, are not strangers to the state of Texas. Texaco began in this state as The Texas Company. In Jefferson

County alone, Texaco operates a major chemical plant, a marine services division, a pipeline division, numerous service stations and, through its half-owned subsidiary, Star Enterprises, a major refinery. However, Congress wrote of a "principal place of business," not "principal place*s* of business." 28 U.S.C. § 1332(c)(1). *See also Olson*, 818 F.2d at 406 ("... every corporation has one and only one principal place of business.") (reviewing S.Rep. No. 1830, 85th Cong., 2d Sess., *reprinted in* 1958 U.S.Code Cong. & Admin.News 3099, 3102) (corporation to be regarded as "citizen of that *one* State in which was located its principal place of business." (emphasis supplied)). While perhaps Texaco Inc. is not the sort of out-of-state litigant in need of a forum free of local bias, this court today holds that Texaco Inc. is the type of corporation to which the "nerve center" test is most appropriate. After applying the "nerve center" test, this court holds that Texaco Inc.'s principal place of business is Harrison, New York. It is hereby ORDERED that the plaintiffs' motion to remand should be, and is, in all things, DENIED.