**Paul C. THIBODEAUX, Plaintiff,**

v.

**SAMEDAN OIL CORPORATION, Defendant.**

No. 1:95–CV–0987.

United States District Court, E.D. Texas, Beaumont Division.

Dec. 6, 1995.

Clayton Arthur Larsh Davis, Lundy & Davis, L.L.P., Lake Charles, LA and Matthew E. Lundy, Lundy & Davis, L.L.P., Houston, TX, for plaintiff.

Robert Bernard Nolan, Adams & Reese, New Orleans, LA, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

On September 15, 1995, the Plaintiff, Paul Thibodeaux, filed suit in the 172nd Judicial District of Jefferson County, Texas. The Plaintiff alleged personal injuries resulting from Samedan's negligence and gross negligence in (a) failing to furnish Plaintiff a safe place to work, b) requiring Plaintiff to work in a hurried and unsafe manner with inadequate and dangerous equipment and tools, c) failing to furnish Plaintiff a place of employment free of life-threatening or serious hazards, and d) failing to warn the Plaintiff of the hazards associated with storing pipe. The Plaintiff served process on the Defendant on October 13, 1995. Defendants timely filed their Notice of Removal on November 2, 1995 alleging diversity of citizenship. This Court now considers the Plaintiff's Motion for Remand, filed November 15, 1995.

## BACKGROUND

Plaintiff avers that on January 22, 1995, the Plaintiff was working as a derrick man under the operational instruction of the Defendant. On that date, the Defendant's company representative requested that the crewmen load heavy pipes into the derrick where Mr. Thibodeaux was located. Plaintiff asserts that the crewmen were told to load the pipes from "front to back" when the typical manner for such loading is "back to front." As the Plaintiff was attempting to maneuver and stack the pipes, one of the misplaced pipes slipped, jerked, and hit him in the back causing serious injuries.

Mr. Thibodeaux is a resident of Louisiana. He asserts that Samedan is a resident of Texas under the theory of dual citizenship and therefore removal of this action is prohibited under 28 U.S.C. § 1441(b).[1] Samedan claims that it is a Delaware Corporation with its principal place of business in Ardmore, Oklahoma. Samedan admits that it has divisional offices in Houston, Texas. Samedan also provides this Court with a copy of its annual report which describes the

---

**1.** This section provides in pertinent part that, "... [a]ny other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

various business activities in which Samedan is involved. Samedan is a wholly-owned subsidiary of Noble Affiliates, Inc. Both companies are engaged in oil and gas exploration in a variety of locations including operations in the Gulf of Mexico, Colorado, Oklahoma, Kansas, Texas, Louisiana, California, Canada, Tunisia, and Equatorial Guinea. Samedan maintains Division Offices in Alberta, Canada, Denver, Houston, and Oklahoma City.

## ANALYSIS

 Under 28 U.S.C. § 1332(a), a corporation is deemed to be a citizen of both the state of its incorporation and the state of its principal place of business. *J.A. Olson Co. v. City of Winona,* 818 F.2d 401, 404 (5th Cir. 1987). Mr Thibodeaux admits to being a resident of Louisiana. Samedan, by reason of the state of its incorporation, is a citizen of Delaware. Under section 1332(c), the Defendant is also a citizen of the state of its principal place of business. Samedan's principal place of business for purposes of section 1332(c) is determinative of whether this removal of this case is proper. If Samedan's principal place of business is Texas, then removal is improper under 28 U.S.C. § 1441(b) and the case must be remanded. However, if Samedan's principal place of business is Oklahoma, the case is properly before this court.

The Fifth Circuit Court of Appeals has stated that the application of the "total activity" test is proper to determine the principal place of business. *Anniston Soil Pipe Co. v. Central Foundry Co.,* 329 F.2d 313, 313 (5th Cir.1964), aff'g, 216 F.Supp. 473 (N.D.Ala. 1963). In *Olson,* the Court of Appeals very clearly enunciated the parameters of that test, including the appropriate use of the "nerve center" test and the "place of activity" test. 818 F.2d at 411–12. The court noted that, "when considering a corporation whose operations are far flung, the sole nerve center of that corporation is more significant in determining principal place of business." *Id.* Due to the broad nature of the Defendant's business activities, the use of the nerve center test is appropriate in this case.

As the report and accompanying affidavit submitted by Samedan indicate, the nerve center of the company is in Ardmore, OK. The President, Corporate Secretary, and Treasurer are located in that city. Additionally, the Executive Vice Presidents for various Samedan operations are in Ardmore. The Plaintiffs have asserted that Samedan is a Texas Corporation based on information gathered from "Information America Network—Texas." (Exhibit A, Plaintiffs Motion to Remand). This document indicates that Samedan maintains its home office in Ardmore. Plaintiffs argue that the line of that report which reads "Principal Address" and lists a Houston address is determinative. Given that the database searched was for Texas, it is not surprising that the principal Texas address is in Houston. The Defendants have provided sufficient evidence that the nerve center of the company is in Ardmore, OK, and there is nothing which the Plaintiff has provided which indicates otherwise.

Pursuant to this opinion an order will be entered in which the Plaintiff's Motion to Remand is DENIED.