CARTER–LANGHAM, INC.,
et al., Plaintiffs,

v.

PHILLIPS PETROLEUM COMPANY,
Defendant.

Civil Action No. H–96–4304.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 21, 1997.

John L. McConn, Jr., McConn & Williams, Houston, TX, for plaintiffs.

Craig B. Glidden, David A. Pluchinsky, and Jeffrey A. Kaplan, Glidden Partners LLP, Houston, TX, for defendant.

### ORDER DENYING REMAND

ATLAS, District Judge.

Pending before the Court is Plaintiffs' Motion for Remand [Doc. # 5]. Defendant Phillips Petroleum Company ("Defendant" or "Phillips") strenuously opposes this Motion and has filed Objections to Plaintiffs' Evidence in Support of Motion for Remand [Doc. # 10]. The Court has considered Plaintiffs' Motion, the Opposition, the evidence submitted in support of each party's

position and the applicable legal authorities. The Court concludes that the Motion is without merit and should be denied.

■ Remand motions are to be evaluated under the following procedure: The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Company,* 63 F.3d 1326, 1335 (5th Cir.1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 253–54 (5th Cir.1961)).

The only issue before the Court is the actual location of Phillips' principal place of business. The Court concludes, based on all the evidence of record that Phillips principal place of business is in Oklahoma. Therefore, complete diversity of citizenship exists and Plaintiffs' Motion for Remand is denied.

This case was removed to federal court by Phillips pursuant to 28 U.S.C. § 1441, which provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed ..." *See* 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $50,-000, exclusive of interest and costs, and is between—(1) citizens of different states ..." *See* 28 U.S.C. § 1332(a).[1]

For purposes of Sections 1441 and 1332, "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business ..." *See* 28 U.S.C. § 1332(c)(1). The citizenship of a party at the time suit was filed is determinative of this issue. *Harris v. Black Clawson Co.,* 961 F.2d 547, 549 (5th Cir.1992).

■ The Fifth Circuit has established that a corporation has only one "principal place of business" and that a court must consider the "totality of the facts" in applying the Circuit's traditional "total activity" test to determine a corporation's principal place of business. *J.A. Olson Co. v. City of Winona, Miss.,* 818 F.2d 401, 404, 406, 409–10 (5th Cir.1987). *Cf. Bobby Harris v. Black Claw-*

son Co., 961 F.2d 547, 549 (5th Cir.1992) (holding inactive corporation as a citizen of only its place of incorporation); *Force v. E.I. Dupont De Nemours,* 770 F.Supp. 335, 337 (E.D.Tex.1991). This assessment initially depends upon the type of corporate defendant whose citizenship is being determined. *J.A. Olson Co.,* 818 F.2d at 409–12. There are several possible lines of analysis, but they are all "complementary" of one another. *Id.* at 409–10, 411. Specifically, "when considering a corporation whose operations are far flung, the sole nerve center of that corporation is more significant in determining principal place of business...." *Id.* at 411 (citation omitted). When a corporation has its "sole operation in one state and executive offices in another, the place of activity is regarded as more significant." *Id.* (citation omitted). Finally, "when the activity of a corporation is passive and the 'brain' of the corporation is in another state, the situs of the corporation's 'brain' is given greater significance." *Id.* (citation omitted). In each case, courts must examine the corporation's operations and its nerve center in the context of the organization of that business. *Id.*

A corporation's operations are far flung when it has varied activities carrying on in different states. *Id.* at 407 (citing *Scot Typewriter Co. v. Underwood Corp.,* 170 F.Supp. 862 (S.D.N.Y.1959); *Force v. E.I. Dupont De Nemours,* 770 F.Supp. 335, 336 (E.D.Tex. 1991) (principal place of business of Texaco, Inc. held to be far flung corporation); *Thibodeaux v. Samedan Oil Corp.,* 913 F.Supp. 488, 490 (E.D.Tex.1995) (Samedan Oil held to be far flung corporation). There is no question after a review of the evidence submitted by the parties in connection with the motion and opposition by Defendant Phillips that Phillips' operations are "far flung." Phillips has operations in more than 20 countries worldwide and operates in most of the 50 states of the United States. Therefore, the "nerve center" analysis must guide the result in this case.

■ The "nerve center" of a corporation is the place from which "it radiates out to its

---

1. The minimum amount in controversy has been increased to $75,000, but the amendment does not apply to cases removed prior to January 17, 1997. Federal Courts Improvement Act, 110 Stat. 3847, § 205(a)(1) (eff. 90 days from Oct. 19, 1996, the date of the statute's enactment).

constituent parts and from which its officers, direct, control and coordinate all activities without regard to locale, and in the furtherance of the corporate objective." *J.A. Olson Co.*, 818 F.2d at 407, 411. Applying the "nerve center" test, Defendant's principal place of business is in Oklahoma. In the present case, Defendant established through several affidavits that its corporate headquarters and executive offices are in Bartlesville, Oklahoma; that twenty-eight of Defendant's thirty-two officers, including the Chairman of the Board, Chief Executive Officer, President, Chief Operating Officer and Secretary, maintain their offices in Bartlesville, Oklahoma; that four members of Defendant's Board of Directors maintain their offices in Oklahoma while none reside in Texas; that the ultimate management decisions and financial, legal and accounting affairs affecting Defendant are managed in Bartlesville, Oklahoma; and that the corporation is involved in civic activities in Oklahoma. None of the ultimate management decisions are made in Texas.

Defendant's evidence established also that Defendant employs approximately 3,850 people in Oklahoma (23% of its work force) of which approximately 3,185 work in the corporate headquarters in Bartlesville, Oklahoma. Over 50% of Defendant's employees in Oklahoma are "exempt" employees.

Finally, Plaintiffs' only evidence that Defendant's principal place of business is in Texas is a one line entry from the on-line service, Information America–Texas stating that its "principal address" is: "Austin, Texas 78701," without any number or street name. As a factual and legal matter, this information is insufficient to overcome Defendant's evidence. Plaintiff's information is rank hearsay. *See Thibodeaux v. Samedan*

*Oil Corporation*, 913 F.Supp. 488 (E.D.Tex. 1995). The report offered by Plaintiffs is submitted without any authenticating affidavit or other factual foundation and fails to state what criteria are used by Information America to determine a "principal address." Under the Fifth Circuit's criteria, the term principal address in the Information America report is meaningless.[2] Indeed, the report is internally inconsistent, since it indicates that Phillips' "home office address" is Bartlesville, Oklahoma. Finally, it is this Court that must make a factual determination of a corporation's principal place of business; reliance on Information America's assessment *for* resolution of this ultimate question of fact is entirely inappropriate.

For the foregoing reasons, **Plaintiffs' Motion for Remand** [Doc. # 5] is **DENIED.**

**IT IS SO ORDERED.**

2. Phillips supplies the results of a search of other Information America databases yields conflicting information as to Phillips' "principal address." Information America's listings for New York, Louisiana, Michigan and Oklahoma identify Phillips' "principal address" as Bartlesville, Oklahoma, while the listing for Mississippi identifies Phillips' "principal address" as Pearl, Mississippi. *See* Exhibit D to Defendant's Opposition. The unreliable nature of the Plaintiffs' evidence is apparent. The *Thibodeaux* court's reluctance to give any credence to Information America

listings, particularly when confronted with opposing evidence, as Phillips has done, is likewise justified in this case. Even assuming *arguendo* that this information came from Phillips itself, it would still not determine Phillips' principal place of business. *See Harris v. Black Clawson Co.*, 961 F.2d 547, 550 (5th Cir.1992) (statements made to a secretary of state, the Securities and Exchange Commission or the Internal Revenue Service are not binding for purposes of determining subject matter jurisdiction).