**ANNISTON SOIL PIPE COMPANY, a corporation, Plaintiff,**

v.

**CENTRAL FOUNDRY COMPANY, a corporation, and Sidney Gondelman, Defendants.**

**Civ. A. No. 1081.**

United States District Court
N. D. Alabama, W. D.

April 30, 1963.

---

Berkowitz & Lefkovits, and Don M. Jones, Birmingham, Ala., for plaintiff.

Royall, Koegel & Rogers, New York City, and Clement, Rosen, Hubbard & Waldrop, Tuscaloosa, Ala., for defendants.

LYNNE, Chief Judge.

By motion to dismiss, defendant, The Central Foundry Company, a corporation, advances the contention that its principal place of business, 28 U.S.C.A. § 1332(c), is Holt, Alabama, and that there is therefore lacking diversity of citizenship between it and plaintiff, an Alabama corporation.

Proceeding to a determination of the threshold jurisdictional issue *in limine* on a special hearing, Birmingham Post Company v. Brown, 217 F.2d 127 (5th Cir.1954) the court has heard and considered all relevant evidence adduced by the parties.

The Central Foundry Company is a corporation organized and existing under the laws of the State of Maine. It is engaged in the manufacture and sale of soil pipe and fittings, selling its product throughout the United States and abroad.

At one time, it had production facilities in New Jersey and Alabama. In recent years, all of its production facilities and plant have been located at Holt, Alabama. For several years prior to 1960 its executive offices were located in Newark, New Jersey; in 1960 they were moved to New York City. Presently such offices are located at 932 Broadway, New York City, New York. Its president and chairman of its board, Mr. Sidney Gondelman; its executive vice president, Mr. William Maidman; its secretary, Mr. H. L. Grayson; its treasurer, Mr. R. J. Hanwell; its assistant treasurer, a Mr. Kyle; and its director in charge of its operations at Holt, Alabama, Mr. R. R. Fisher, neither of whom, except for Mr. Fisher, has had any experience in foundry operations or heavy manufacturing, are all residents of New York and maintain their offices at 932 Broadway, New York City, New York.

The only officer of the company who is not resident of and whose office is not located in New York is Mr. John J. Bowers whose office is that of vice president, whose title is also plant manager, and who manages the company's operations at Holt, Alabama, working directly under the supervision and control of Mr. R. R. Fisher, the director of Holt operations, who spends approximately eighty-five per cent of his time in New York and fifteen per cent at Holt, Alabama.

Mr. J. J. Flynn is the vice president of the company in charge of sales. His staff and office are located in New York. He makes all determinations as to whom the company shall sell, the price at which the company's products will be sold and, in collaboration with the company's assistant treasurer, whether or not a customer of the company will be extended credit and the terms of such credit so extended.

Sales of the company's products are made to its patrons and customers through manufacturers' representatives, who are residents of various states. All payments for the products of the company purchased by its patrons and customers are directed to be made and, in fact, are made at the company's offices in New York and the invoices received by customers so instruct. When funds are received in payment of accounts receivable, they are deposited in the company's New Jersey and New York bank accounts.

The total sales of the company for the year 1962 were approximately $25,000,-000.00. The orders for eighty per cent or more of such sales were forwarded to, shipped and billed from the company's plant at Holt, Alabama.

The company employs 55 persons in the State of New York, 22 of whom are classified as exempt under the Fair Labor Standards Act, and employs 1,890 at Holt, Alabama, 49 of whom are classified as exempt under the Fair Labor Standards Act.

In addition to its executive offices at New York and its production facilities at Holt, Alabama, the company maintains a warehouse at Forest Hills, New York, and a warehouse and depot at Newark, New Jersey, from which the company ships to its customers in those areas approximately $3,000,000.00 in annual sales of its products.

The total annual payroll of officers and employees of the company at its offices in New York is approximately $500,000.00, the average per employee being approximately $9,000.00 annually.

The total annual payroll at Holt, Alabama is approximately $9,200,000.00, the average per employee being approximately $4,800.00.

The physical assets of the company in the State of New York, excluding its bank funds and receivables, have a book value of approximately $60,000.00. The company's physical assets located at Holt, Alabama have a book value of approximately $5,695,000.00.

The production and manufacturing facilities of the company are located on a one hundred ten acre tract owned by the company at Holt, Alabama. The engineering functions of the company are located at Holt, Alabama and all production, based upon orders approved in New York, are scheduled there. The company maintains its only personnel department at Holt which is authorized to hire or fire local employees and to negotiate union contracts and adjust union grievances.

The New York office occupies approximately 10,000 square feet of floor space. The law firm of Royall, Koegel & Rogers, of New York City, is general counsel for the company and associate counsel in these actions.

Publicity and public relations of Central Foundry Company are handled by a Mr. Gallis, whose offices are in New York. All publicity releases are issued out of New York.

All customer relations respecting service and credit are handled by Mr. H. L. Grayson, a vice president of the company, whose office is in New York. Mr. Sidney Gondelman, chairman of the board and president of the Central Foundry Company, takes an active interest in the sales, activities and business of the company and attends the various conventions held by suppliers and manufacturers' representatives for the purpose of creating good will and securing customers for the company. Mr. Gondelman's time is primarily devoted to the business of Central Foundry Company.

The insurance function is handled by the treasurer, Mr. Hanwell, in the New

York office. The company maintains a pension plan for its salaried employees. The plan is administered by a retirement group appointed by the board of directors in New York and the funds for the plan are invested in investment houses and banks in New York and New Jersey.

The company has borrowed substantial sums of money and all the decisions and negotiations concerning these loans were made in New York. All payments on the loans are made from the New York office.

The company's books and records are kept in New York. The company's operation at Holt, Alabama forwards copies of all its records to New York where they are consolidated with the records from the company's operations in Newark, New Jersey and Forest Hills, New York. The treasurer and assistant treasurer visit the plant at Holt, Alabama from time to time to check and verify the records. The treasurer spends approximately ten per cent of his time in Holt and ninety per cent in New York. The company's Federal income tax returns are filed in New York.

The offices of the company's auditor, Arthur Young and Company, are located in New York. The stock book of the company is kept in the New York office. The offices of the Stock Transfer Agent are located in New York. The offices of the Registrar of its stock are located in New York.

Purchase orders of the company are issued out of the purchasing department at Holt, Alabama, although the terms and conditions of major purchases of raw materials are negotiated and fixed by the officers of the company in the New York office. Mr. Schlosser, a vice president of the company whose office is in New York, buys most of the scrap metal used by the company in the production of its products. The contracts for the purchase of the scrap metal are negotiated and executed in New York. The president and chairman of the board, Mr. Sidney Gondelman, negotiated and concluded the execution of a contract in New York for the purchase of pig iron which is shipped from Germany and used in the manufacture of the company's products.

The company maintains three bank accounts, the largest of which is located in New Jersey, where the company has approximately $1,000,000.00 on deposit. The company maintains approximately $150,000.00 in a bank in New York and approximately $150,000.00 in Tuscaloosa, Alabama. The account in the Tuscaloosa bank is maintained for payroll and other sundry purposes and is replenished weekly by check from New York. Mr. John J. Bowers, the vice president located at Holt, Alabama, is only authorized to write checks on the account maintained at Tuscaloosa. All payments on purchases and all bills, except sundry items, are paid from New York.

In relation to the negotiations and discussions concerning the purchase of Anniston Soil Pipe Company, out of which these actions arose, no negotiations or discussions were held at the company's plant in Holt, Alabama, the majority being held at the offices of Central Foundry Company at 932 Broadway, New York 10, New York.

The draft of the agreement between the stockholders of Anniston Soil Pipe Company and Central Foundry Company which was drafted by Royall, Koegel & Rogers, general counsel for Central Foundry Company, provides that the closing of the transaction was to take place at the office of the buyer at 932 Broadway, New York 10, New York. The draft also provided that all notices should be addressed "to buyer at 932 Broadway, New York 10, New York". The draft further provided that "The validity, interpretation and construction of this agreement and each and every part thereof, shall be governed by the laws of the State of New York".

Rather than employing the easy labels, "center of gravity", "nerve center", or "place of operations" tests, 1 Moore's Federal Practice (2nd Ed.), 1962 Supplement, ¶0.60, page 64, Note 34, the court, after a thorough review of the total activity of the defendant, prefers to

conclude flatly that its principal place of business is Holt, Alabama, whereas the control exercised by the New York office was intracorporate in nature.

If a choice must be made between the excellent opinion of Judge Weinfeld in Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862 (S.D.N.Y.1959) and Kelly v. United States Steel Corp., 284 F.2d 850 (3rd Cir.1960), and this court is not at all sure that the results reached by these two courts are inconsistent, it is submitted that, on the facts of this case, Kelly more nearly accords with the reasoning of Dryden v. Ranger Refining and Pipe Line Co., 280 Fed. 257 (5th Cir.1922) in dealing with the cognate venue provision of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a (1).

An order dismissing this action for lack of jurisdiction will be entered accordingly.