**Bruce Wayne RAY, Plaintiff-Appellant,**

v.

**BIRD AND SON AND ASSET REALIZATION COMPANY, INC., et al., Defendants-Appellees.**

No. 75–2057
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1975.

Rehearing Denied Oct. 16, 1975.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

James B. O'Neill, Zwolle, La., for plaintiff-appellant.

Herschel E. Richard, Jr., Shreveport, La., for Bird & Son.

G. M. Bodenheimer, Jr., Shreveport, La., for Melton Truck Lines, Inc.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM: ·

Ray's complaint seeking damages for personal injury named as joint tortfeasors two foreign corporations, Bird & Son and Melton Truck Lines, Inc. Ray, a citizen of Louisiana, based jurisdiction on diversity of citizenship, 28 U.S.C. § 1332(a). Upon motion of Melton, the court determined that the principal place of business of Melton was Louisiana, and dismissed the action as to both Bird & Son and Melton. We affirm.

The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof. *Mas v. Perry,* 5 Cir., 1974, 489 F.2d 1396. In support of its motion, Melton submitted an affidavit of Melton's president stating that the main offices and principal operating assets of Melton were located in Louisiana. Ray attempted to counter this affidavit with unverified letters from various state officials, which, even if taken as true, do not support a finding that Melton's principal place of business is other than Louisiana.

Ray argues that even if he has not met his burden of proof on the issue of diversity, he should nevertheless be given the opportunity to pursue discovery on that issue. However, the motion to dismiss was not heard until two months after it was noticed. During that period, Ray made no effort (except for the filing of interrogatories three days before the hearing) to attempt discovery on the diversity issue. Under such circumstances, the court did not abuse its discretion in refusing further discovery.

Finally, Ray contends it was error to dismiss the action as to both defendants, where only Melton moved to dismiss. However, complete diversity must be present at the time the complaint is filed, *Mas v. Perry, supra,* and if lacking, the court on its own motion may dismiss the action. Therefore, it was proper to dismiss as to Bird & Son, even absent a proper motion on their behalf. Nonindispensable parties may be dropped on motion or by order of court to achieve the requisite diversity of citizenship, *cf. Anderson v. Moorer,* 5 Cir. 1967, 372 F.2d 747, 750, fn. 4. However, Ray made no

such motion, and no error can be predicated on the failure of the court to drop Bird & Son on its own motion. *Oppenheim v. Sterling*, 10 Cir., 1966, 368 F.2d 516.

Affirmed.