VILLAGE FAIR SHOPPING CENTER COMPANY, a partnership, Plaintiff-Appellant, Cross-Appellee,

v.

The SAM BROADHEAD TRUST et al., Defendants-Appellees, Cross-Appellants,

v.

PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, Intervenor-Third Party Defendant, Appellant-Cross-Appellee.

No. 78–1933
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

E. Stephen Williams, Jackson, Miss., for Village Fair.

James L. Young, Jackson, Miss., for Provident Life & Village Fair.

Erskin W. Wells, Charles P. Quarterman, Jackson, Miss., for Provident Life.

Watkins & Eager, James A. Becker, John L. Low, IV, Jackson, Miss., for Sam Broadhead Trust.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

In a dispute over the amount due under the terms of its lease, Village Fair Shopping Center Company instituted this action seeking declaratory judgment and injunctive relief. Federal jurisdiction was alleged by

virtue of diversity of citizenship and a sufficient amount in controversy. 28 U.S.C. § 1332(a).

■ The issue is whether there was complete diversity between the parties. The defendants contend that diversity is lacking because Mississippi is the principal place of business of M.L. Enterprises, Inc., a partner in the consortium operating Village Fair Shopping Center in Lauderdale County, Mississippi.[1] *See* 28 U.S.C. § 1332(c). The undisputed factual evidence led the district court to agree.

That evidence showed M.L. Enterprises, Inc. to be a real estate and general trading company, incorporated in Delaware. Its only office is located in New York. Both officers of the corporation, and two of the three stockholders reside in New York. (The third stockholder lives in Florida.) The corporation has no salaried employees. At the time of the suit, the corporation had only three investments: $250,000 in the Mississippi shopping center whose lease is at issue here, $125,000 in a shopping center in California, and $400,000 in short-term commercial paper and bank accounts in New York.

All decisions on behalf of the corporation, frequently concerning re-investment of the short-term commercial paper, are made in New York. New York is designated as its principal place of business for tax purposes. Aside from its equity in the Mississippi shopping center, the corporation's only other Mississippi contact is the fact that it is qualified to do business in the state. *See* Mississippi Code Ann. §§ 79–3–211 and 79–3–247. Nothing in the record indicates that the corporation is similarly qualified to do business in New York.

■ As the trial court properly recognized, the party invoking federal jurisdiction bears the burden of proof if diversity is challenged. *Ray v. Bird & Son & Asset Realization Co.,* 5 Cir. 1975, 519 F.2d 1081. The court acknowledged that the business of the corporation was conducted in New York, but, in its eyes, the deciding factor was that "its activities are actually motivated by the ultimate accomplishments of its largest single tangible property in Lauderdale County, Mississippi." We consider first the deference due this conclusion.

■ Many courts, including this one, have stated in general terms that the question of the determination of a corporation's principal place of business is a question of fact. *E. g., Harrison v. Prather,* 5 Cir. 1968, 404 F.2d 267; *United Nuclear Corp. v. Moki Oil & Rare Metals Co.,* 10 Cir. 1966, 364 F.2d 568, *cert. denied,* 385 U.S. 960, 87 S.Ct. 393, 17 L.Ed.2d 306. Other courts have said that, in reviewing such a determination, the clearly erroneous test set forth in Rule 52(a), F.R.C.P., applies. *See, e. g., Riggs v. Island Creek Coal Co.,* 6 Cir. 1976, 542 F.2d 339, 342; *Sinclair v. Spatocco,* 9 Cir. 1971, 452 F.2d 1213, *cert. denied,* 1972, 409 U.S. 886, 93 S.Ct. 102, 34 L.Ed.2d 142; *Croxton v. King's Department Store of Newport News, Inc.,* 4 Cir. 1971, 449 F.2d 777.

■■ This court has never squarely held that the clearly erroneous test applies to the determination of a corporation's principal place of business. However, in *American Foundation, Inc. v. Mountain Lake Corp.,* 5 Cir. 1972, 454 F.2d 200, we held that the conclusions of the trial court as to the diver-

---

**1.** Village Fair Shopping Center Co. is a partnership composed of Provident Life & Accident Insurance Co., intervenor-third party defendant, and Macerich Real Estate III. Macerich is a partnership composed of Mace Seigel, an individual, and M.L. Enterprises, Inc., a Delaware corporation. As Village Fair Shopping Center Co. is a partnership, its citizenship for diversity purposes depends on the citizenship of each of its partners. *Great So. Fire Proof Hotel Co. v. Jones,* 1900, 177 U.S. 449, 456, 20 S.Ct. 690, 693, 44 L.Ed. 842, 845; *Carlsberg Resources Corp. v. Cambria Sav. & Loan Ass'n,* 3 Cir. 1977, 554 F.2d 1254. *See* 13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3630 (1975). Since one of the partners of Village Fair, Macerich, is also a partnership, the trial court correctly inquired into the citizenship of the partners of Macerich. With the exception of M.L. Enterprises, Inc., citizenship of all parties is undisputed; all of the defendants are citizens of or located in Mississippi, while all of the other members of the Village Fair Shopping Center Co. partnership are non-Mississippians.

sity of the parties were not erroneous. We now join those circuits holding that review of a trial court's determination of the principal place of business of a corporation is limited by the clearly erroneous test.[2]

■ The determination that the finding of the trial court is to be accorded a strong presumption of correctness under Rule 52(a), F.R.C.P., does not end our inquiry. Despite the presumption in favor of the trial court, we may not affirm if we are "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 1948, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766. *Accord, Movible Offshore, Inc. v. M/V Wilken A. Falgout,* 5 Cir. 1973, 471 F.2d 268, 271.

■ The Fifth Circuit adopted the "total activity" test as the legal standard for determining the principal place of a corporation in *Anniston Soil Pipe Co. v. Central Foundry Co.,* 5 Cir. 1964, 329 F.2d 313, *aff'g* N.D.Ala.1963, 216 F.Supp. 473. *Accord, Danos v. Waterford Oil Co.,* 5 Cir. 1965, 351 F.2d 940. While the test has never been precisely defined, it calls for a "thorough review" of the total corporate activity. 216 F.Supp. at 475.[3]

■ While the trial judge undoubtedly reviewed the total activity of the corporation, we cannot agree with his crucial assertion that the activities of the corporation were "actually motivated by the ultimate accomplishments of its . . . property in . . . Mississippi." The corporation is obviously interested in its single largest equity investment; however, there is no evidence to show that this property requires

even a proportionate share of the attention of the corporate officers. Since the property was purchased, the officers have paid almost no attention to it.

In contrast, the activity in New York is far more significant and is thus determinative of the corporation's principal place of business. For no apparent reason, the trial court discounted the sizable assets held by the corporation in New York in the form of short-term commercial paper and bank accounts. While it is true that the largest single piece of realty owned by the corporation is the Mississippi shopping center, the tangible assets in New York have greater aggregate value than the Mississippi property. In addition, the trial court failed to give any weight to the frequent activity occurring exclusively in New York in connection with the management and investment of the short-term commercial paper. No reason has been offered to explain why the court failed to weigh this information. In determining the principal places of business of other corporations, this court has taken into account tangible assets other than realty. *See, e. g., Danos v. Waterford Oil Co., supra* (bank accounts). The single passive investment in the Mississippi shopping center should not of itself outweigh all of the other factors we have mentioned in the determination of the company's principal place of business. *See* 13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3625, at 803 (1975).

For these reasons, we are left with the definite and firm conviction that a mistake has been made. The dismissal for lack of complete diversity of citizenship is reversed.

---

2. The fact that the court based its findings on a deposition and undisputed documentary evidence does not alter our holding that the clearly erroneous test applies. *Compare Volkswagen of America, Inc. v. Jahre,* 5 Cir. 1973, 472 F.2d 557 *with Frazier v. Alabama Motor Club, Inc.,* 5 Cir. 1965, 349 F.2d 456. However, the burden of showing that the findings are clearly erroneous is not as heavy as would be the case if the credibility of witnesses was a factor in the trial court's decision. *Sicula Oceanica, S.A. v. Wilmar Marine Eng. & Sales Corp.,* 5 Cir. 1969, 413 F.2d 1332, 1333.

3. The Fifth Circuit test incorporates both the "place of activities" formulation, *Kelly v. United States Steel Corp.,* 3 Cir. 1960, 284 F.2d 850, and the "nerve center" formulation, *Scot Typewriter Co. v. Underwood Corp.,* S.D.N.Y.1959, 170 F.Supp. 862. *See Anniston Soil Pipe Co.,* 216 F.Supp. at 475. *See generally* 13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3625 (1975).

The case is remanded for further proceedings.

REVERSED and REMANDED.