IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50683
_____


DIANA GUERRERO,

Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, also known
as State Farm Insurance Company, also known as State Farm
Insurance Companies,

Defendant-Appellee.

---------------------------------
Appeal from the United States District Court
for the Western District of Texas
(SA-98-CV-234)
---------------------------------
May 20, 1999

Before GARWOOD, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Diana Guerrero appeals from the judgment of the
district court dismissing her suit against State Farm Mutual
Automobile Insurance Co. ("State Farm") seeking benefits
under an uninsured/underinsured motorists insurance policy
issued to Guerrero by State Farm.  Guerrero contends that
the district court erred both in its refusal to remand the
case to the Texas state courts and in its application of
Texas state law in granting State Farm's motion to dismiss.
Because the district court had no evidence before it showing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the parties were diverse, we find that it erred by asserting federal jurisdiction over this case.

On January 23, 1998, Guerrero filed a suit against State Farm in a Texas district court in Bexar County. She alleged that State Farm had improperly denied her underinsured motorist benefits for injuries sustained during a January 1994 automobile accident. On March 23, 1998, State Farm filed a Notice of Removal in the United States District Court for the Western District of Texas. State Farm claimed that removal was proper under 28 U.S.C. § 1441 because the federal district court had original jurisdiction over the case based on diversity of citizenship. State Farm affirmatively alleged that Guerrero was a citizen of Texas, that State Farm was incorporated and had its principal place of business in Illinois, and that the amount in controversy exceeded $75,000.

On April 23, 1998, Guerrero moved to have the case remanded back to state court. She contended that removal had been improper because State Farm's principal place of business was Texas and diversity was therefore lacking.[1] In

_____

[1] In addition, Guerrero made two other jurisdictional arguments in her motion to remand which she renews on appeal: (1) that the amount in controversy did not satisfy the $75,000 statutory requirement, and (2) that the parties were not diverse because State Farm, as an insurance company against which a "direct action" had been filed, must be deemed a citizen of the state in which Guerrero is a citizen. The district court did not reach these claims. Although the resolution of these arguments is not necessary to our decision here, as they relate to the court's subject

support of this argument, Guerrero entered into evidence

copies of pages from Texas telephone books showing State

Farm's extensive Texas telephone listings and an affidavit

from a legal assistant to Guerrero's attorney describing his

---

matter jurisdiction, we have examined them and note that neither is meritorious.

The amount in controversy did exceed the $75,000 statutory requirement contained in 28 U.S.C. 1332(a). "[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages . . . ." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Guerrero's original petition sought contractual damages which could reach a maximum of $50,000, as well as attorney's fees, punitive damages, and penalties under both the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DPTA"). Because either the Insurance Code or the DPTA could provide for trebling any contractual damages awarded Guerrero, *see* Tex. Ins. Code Ann. Art. 21.21 § 16(b)(1); Tex. Bus. & Com. Cod. Ann. § 17.50(b), the $75,000 amount in controversy requirement was clearly met in this case.

Neither does the language in § 1332(c)(1) which states that "in any direct action against the insurer of a policy or contract of liability insurance . . . such insurer shall be deemed a citizen of the State of which the insured is a citizen . . ." defeat diversity between State Farm and Guerrero. The purpose of the "direct action" provision in § 1332(c)(1) was to prevent an injured party from gaining diversity over a non-diverse tortfeasor by directly suing the tortfeasor's out-of-state insurance company instead of the tortfeasor. *See Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185, 1188 (5th Cir. 1988). The section was thus not intended to thwart diversity in suits between an insured and the insured's own insurance company. *See Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988); Andrew M. Campbell, *Construction and Application of 28 USCS § 1332(c)(1), Establishing Citizenship of Insurer in Diversity Action Against Such Insurer Where Insured Is Not Joined as Party Defendant,* 119 A.L.R. Fed. 135, 171-77 (1994). Section 1332(c)(1)'s "direct action" provision is thus inapplicable to this suit between Guerrero and her insurance company, State Farm, and does not defeat diversity here.

research showing that State Farm has more offices and gross revenues in Texas than in Illinois. In its response to Guerrero's motion to remand, State Farm again stated that its principal place of business was Illinois but provided no evidence relevant thereto.

On May 27, 1998, the district court entered an order denying Guerrero's motion to remand. Two sentences long, the order made no legal or factual findings regarding any of the arguments in Guerrero's motion. On June 8, 1998, State Farm filed a motion to have Guerrero's claims dismissed on the merits. On July 7, the court entered an order dismissing Guerrero's claims with prejudice. Guerrero timely appealed.

On appeal, Guerrero argues that the district court erred in denying her motion to remand this case back to state court. She contends that, by asserting jurisdiction, the district court necessarily and improperly found that State Farm's principal place of business was not Texas. We review a district court's determination of a corporation's principal place of business for clear error. *See Village Fair Shopping Center Co. v. Sam Broadhead Trust*, 588 F.2d 431, 433-34 (5th Cir. 1979).

A federal court may assert jurisdiction under 28 U.S.C. § 1332 only when there is complete diversity, i.e., when no plaintiff and defendant are citizens of the same state. A corporation is deemed a citizen of any state in which it has

4

been incorporated and of the single state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). It is undisputed in the record that Guerrero is a citizen of Texas. Therefore, unless State Farm neither is incorporated nor has its principal place of business in Texas, the district court could not assert jurisdiction over this case.

"The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *See Ray v. Bird and Son and Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975). Here, it was State Farm that invoked the district court's jurisdiction by removing the case from state to federal court. *See Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (finding that the party removing a case to federal court is invoking the jurisdiction of the federal courts). Guerrero properly challenged the district court's jurisdiction by arguing in her motion to remand that State Farm's principal place of business is Texas. It therefore was State Farm's burden both to plead and to prove that State Farm and Guerrero were completely diverse parties.

Although State Farm alleged in its pleadings that its principal place of business is Illinois, it did not supply

5

the court with any evidence in support of that allegation.[2] When jurisdiction has been challenged, a mere allegation of citizenship is insufficient to prove jurisdiction. *See Welsh v. American Surety Co.*, 186 F.2d 16, 17 (5th Cir. 1951). Moreover, when federal jurisdiction has been challenged and no evidence in support of jurisdiction is adduced by the party seeking to invoke it, a federal court may not assert jurisdiction. *See Roberts v. Lewis*, 144 U.S. 653, 658 (1892) (holding that where diversity of citizenship was properly alleged by the plaintiff and then challenged by the defendant, the plaintiff's failure to present any evidence of citizenship required reversal for want of jurisdiction); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (holding that jurisdiction cannot be maintained by "mere averment" but instead must be supported by "competent proof"); *Tetco Metal Products, Inc. v. Langham*, 387 F.2d 721, 723 (5th Cir. 1968) (citing *McNutt*). Thus, without State Farm having presented any evidence regarding its principal place of business, it was clear error for the district court to have asserted

---

[2]In the Notice of Removal, State Farm stated: "STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was at that time, and is now, a corporation incorporated under the laws of Illinois, with its principal place of business in the State of Illinois, and was not and is not a citizen of the State of Texas wherein this action was brought." In the reply to Guerrero's motion to remand, State Farm stated: "State Farm was and is incorporated in Illinois and has its principal place of business in Illinois." There is no indication in the record that State Farm provided any further discussion or any evidence of its principal place of business.

jurisdiction in this case.

It is incumbent upon a district court to address any jurisdictional issues before reaching a decision on the merits. *See B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 548-49 (5th Cir. 1981) (finding that a "trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits"). We therefore reverse the judgment of the district court dismissing Guerrero's claims and remand this case back to the district court. Upon remand, the district may in its discretion either remand the case back to state court for lack of federal jurisdiction or permit State Farm another opportunity to provide evidence of its principal place of business.

REVERSED and REMANDED.