**PETROBAS AMERICA Plaintiff,**

v.

**TDC ENERGY CORPORATION Defendant.**

No. CIV.A.G–01–384.

United States District Court, S.D. Texas, Galveston Division.

May 28, 2002.

Gerard Joseph Kimmitt, II, Legge Farrow Kimmitt and McGrath, Houston, TX, for Petrobras America Inc., plaintiff.

Jeffrey Douglas Burbach, Winstead Sechrest et al, Houston, TX, for TDC Energy Corporation, defendant.

### ORDER GRANTING TDC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

KENT, District Judge.

This is a lawsuit between two commercial entities, Plaintiff Petrobas America ("Petrobas") and Defendant TDC Energy Corporation ("TDC"), brought pursuant to the Court's diversity jurisdiction. Now before the Court is TDC's Motion to Dismiss, wherein TDC maintains that the Court lacks diversity jurisdiction over this matter because both Parties are Texas residents. Also before the Court is Petrobas's Response to TDC's Motion, wherein Petrobas asserts that the Court does have diversity jurisdiction over the action because TDC's place of incorporation and its principal business are both located in Louisiana.[1] For the reasons articulated below, TDC's Motion is hereby **GRANTED**.

### I.

For diversity purposes, a corporation qualifies as a citizen "of any State by which it has been incorporated and the State where it has its principal place of business."[2] 28 U.S.C. § 1332(c). Even the most complex corporations that transact business in numerous locations have only one principal place of business under § 1332(c). See J.A. Olson Co. v. City of Winona, Mississippi, 818 F.2d 401, 406 (5th Cir.1987). The Court ascertains this location by applying the "total activity" test promulgated by the Fifth Circuit. See id. at 404.

The "total activity" test incorporates both the "nerve center" test and the "place of activity" test. Id. Under the "nerve center" test, the state in which the corporation has its nerve center, or "brain," constitutes its principal place of business. See Tubbs v. Southwestern Bell Telephone Co., 846 F.Supp. 551, 553 (S.D.Tex.1994). Under the "place of activity" test, the state where the corporation carries out its operations qualifies as its principal place of business. See id. "Although these two tests seemingly conflict, they are actually harmonious because they

---

1. The Parties agree that Petrobas is a resident of Texas.

2. The Parties do not dispute that TDC is a Louisiana corporation. Thus, the sole question before the Court is which state qualifies as TDC's principal place of business.

are applied in different factual situations, dependent upon the organization of the business entity under consideration." *Id.*

■ Courts apply the nerve center test when the corporation at issue engages in far-flung and varied activities in numerous states. *See J.A. Olson* at 407. Under this test, the state that hosts the nerve center constitutes the corporation's principal place of business because the corporation's activities are so dispersed that no single place in which the corporation conducts operations can be characterized as "principal." *See id.* Courts apply the place of activity test when a corporation has a collection of "nerve cells serving the common function of making the corporate enterprise go." *Tubbs,* 846 F.Supp. at 553 (quoting *Kelly v. United States Steel Corp.,* 284 F.2d 850, 853 (3d Cir.1960)). Under the total activity test, a corporation with significant administrative authority and activity in one state and lesser executive offices but principal operations in another state has its principal place of business in the latter. *See J.A. Olson,* 818 F.2d at 408.

## II.

■ In this case, the Court concludes that TDC's organizational structure is more closely analogous to corporations who are principally analyzed under the nerve center test. The affidavit of William David Gibbs ("Gibbs"), President, Chief Executive Officer and Treasurer of TDC, explains that virtually all of TDC's properties are located offshore—in the Gulf of Mexico. On the basis of this information, the Court finds that TDC's activities are so dispersed that it is impossible to characterize any one place in which it conducts its far-flung operations as "principal."

■ On the other hand, it is not difficult to pick out the state in which TDC's nerve center is located. Gibbs avers that control over all of TDC's operations radiates from its corporate headquarters in The Woodlands, Texas.[3] Fourteen of TDC's twenty-one employees work at its office in The Woodlands and all technical aspects of the company (i.e., property analyses, investment decisions and the negotiation of critical business transactions) are handled there. While TDC admittedly maintains a New Orleans office, Gibbs avers that TDC's New Orleans personnel are strictly relegated to administrative duties (i.e., accounting). Consequently, Texas qualifies as the location of TDC's "nerve center" and therefore, its principal place of business for diversity purposes.[4] Thus, Petrobas has failed to meet its burden of showing that Louisiana qualifies as TDC's principal place of business. *See Village Fair Shopping Center Co. v. Sam*

---

**3.** TDC's headquarters were originally located in New Orleans, but the company moved its headquarters to The Woodlands in December of 2000.

**4.** Petrobas presents a good deal of documentation in support of its contention that TDC's principal place of business is in Louisiana, including: (1) TDC's Articles of Incorporation; (2) IRS documents; (3) TDC's listing with Dunn & Bradstreet; and (4) documentation showing that a large portion of TDC's total revenue stream originates in Louisiana. The Court acknowledges this evidence, but finds it unpersuasive. First, a portion of this evidence (i.e., TDC's registration with the Louisiana Secretary of State) is to be expected, given that TDC is a Louisiana corporation. Secondly, the source of TDC's revenue is irrelevant to the Court's instant analysis. Petrobas admits that the bulk of TDC's operations are scattered offshore and therefore, TDC's "principal" operations are not concentrated in Louisiana (or any state, for that matter). As stated above, this fact precludes the Court's application of the "place of activity" test. The Court therefore applies the "nerve center" test, which is primarily concerned with the location of a corporation's chief decision makers. Here, Petrobas has not presented sufficient evidence to refute the fact that TDC's "brain" is in The Woodlands.

706

*Broadhead Trust*, 588 F.2d 431, 433 (5th Cir.1979) ("[T]he party invoking federal jurisdiction bears the burden of proof if diversity is challenged."). Having concluded that TDC is a citizen of Texas under 28 U.S.C. § 1332(c), the Court finds that TDC's Motion to Dismiss must be **GRANTED** and all claims brought by Petrobas against TDC are hereby **DISMISSED WITHOUT PREJUDICE.** A final judgment reflecting this dismissal will be issued forthwith. Finally, this Order renders Petrobas's request for sanctions **MOOT**, and it is **DENIED**, as such.

**IT IS SO ORDERED.**