Linda L. JONES, et al., Plaintiffs,

v.

NASTECH PHARMACEUTICAL, et al., Defendants.

No. CIV.A.2:02 CV 132 PG.

United States District Court, S.D. Mississippi, Hattiesburg Division.

April 29, 2004.

Larry O. Norris, Roger Dale Lott, Larry O. Norris, Attorney, Hattiesburg, MS, for plaintiffs.

Patrick N. Harkins, III, Walter T. Johnson, Lynn Plimpton Ladner, Watkins & Eager, Chris J. Walker, Holly Bridges Wiggs, Robert Niles Hooper, Markow Walker, P.A., Jackson, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

PICKERING, Circuit Judge.

This matter is before the Court on Plaintiffs' Motion to Remand. The Court having reviewed the Motion, response, the briefs of counsel, the authorities cited, the pleadings and exhibits on file, finds as follows:

*FACTUAL/PROCEDURAL BACKGROUND*

Plaintiffs initially filed this suit in the Circuit Court of Covington County, Mississippi. The suit concerns Plaintiffs' ingestion of Stadol, a prescription medication, with alleged addictive and harmful side effects. The Complaint alleges nine counts against four out-of-state pharmaceutical Defendants: strict product liability, negligence, breach of warranties, fraud, breach of fiduciary duty, civil conspiracy, violation of Mississippi Unfair or Deceptive Acts and Practices Act, fraudulent concealment, and negligent and willful misrepresentation. Plaintiffs allege only negligence against the resident Defendant physician, Dr. Tanious, and the clinic with which he is associated, Jefferson Medical Associates. Linda Jones was the only Plaintiff treated by the physician Defendant. None of the other four Plaintiffs was treated by Dr. Tanious, nor treated at Jefferson Medical Associates. Plaintiffs originally named three Mississippi resident pharmacy defendants who filled prescriptions for Linda Jones. These pharmacy defendants have been dismissed. An out-of-state pharmacy was also dismissed. Each Plaintiff resides in a different county in Mississippi. Defendants removed this case, claiming complete diversity by virtue of alleged fraudulent joinder by Plaintiffs.

*REMAND AND FEDERAL JURISDICTION*

Through decades of Supreme Court jurisprudence, it is axiomatic that federal courts are courts of limited jurisdiction. "When a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 216 (5th Cir.1998) (en banc). Under our doctrine of "federalism" this Court should not usurp authority over cases that are properly in state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

The Fifth Circuit has consistently held that the party urging jurisdiction upon the District Court bears the burden of demonstrating that the case is one which is properly before that Court. *Village Fair Shopping Center Co. v. Sam Broadhead Trust*, 588 F.2d 431, 433 (5th Cir.1979); *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir.1975). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981). "The removing party must show either that there is *no possibility* that the plaintiff would be able to establish

a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 549; (emphasis added) (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir.1980); *Tedder v. F.M.C. Corp.* 590 F.2d 115 (5th Cir.1979); *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir.1968); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969(1964)). The removing party must prove fraudulent joinder by clear and convincing evidence. *Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir.1990). This Court must first refer to the allegations made in the original pleading to determine whether or not Plaintiff can make out a viable claim against the resident Defendant. *See Tedder v. F.M.C. Corp.*, 590 F.2d at 116; *Gray v. U.S. Fidelity & Guaranty,* 646 F.Supp. 27, 29 (S.D.Miss.1986). Those allegations must be construed most favorably to the Plaintiff as the party opposing removal, resolving all contested issues of fact and law in favor of the Plaintiff. *B. Inc.*, 663 F.2d at 549; *see also Bobby Jones Garden Apts.*, 391 F.2d at 177; *Howard v. General Motors Corp.*, 287 F.Supp. 646, 648 (N.D.Miss.1968).

 When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition testimony. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995). "The district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333–34 (5th Cir.2004). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings."

*Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir.2000).

 Once the Court allows a "piercing" of the pleadings and a defendant has shown "no possibility" or "no reasonable basis" of recovery by specific evidence, a plaintiff cannot rely on conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant to prevent remand. Even though the heavy burden of persuasion remains on the removing party. Fifth Circuit precedent establishes a shifting burden of persuasion. *See Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392–93 (5th Cir.2000); *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D.Miss.2001); *Rainwater v. Lamar Life Ins.*, 246 F.Supp.2d 546, 548–51 (S.D.Miss. 2003). Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability against the in-state defendant. *Badon*, 224 F.3d at 390; *see Travis v. Irby*, 326 F.3d 644, 648 (5th Cir.2003) ("[A]ny argument that a gap exists between the 'no possibility' and 'reasonable basis' of recovery language was recently narrowed, if not closed.").

 "When a federal court is properly appealed to in a case over which it has, by law, jurisdiction, it has a duty to take such jurisdiction." *England v. Louisiana State Bd. of Medical Examiners*, 375 U.S. 411, 415, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964) (citations omitted). A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Chief Justice Marshall wrote in *Cohens v. Virginia*, 6 Wheat. 264, 19 U.S. 264, 404, 5 L.Ed. 257 (1821), "[i]t is most true that this court will not take jurisdiction if it should not; but it is equal-

ly true, that it must take jurisdiction if it should."

## LITIGANT'S RIGHT TO APPROPRIATE FORUM

██ The plaintiff is master of his complaint and may through a properly pleaded complaint avoid federal jurisdiction. For instance in certain cases, plaintiffs may limit their recovery to less than the jurisdictional amount of $75,000, or may disavow any federal causes of action and thus keep their case in state court. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 366 (5th Cir.1995). However, a defendant who is entitled to a federal forum likewise has a right to trial in that particular forum. *See Federated Dep't Stores v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("[C]ourts 'will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum.'") (quoting 14 Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3722, pp. 564–66 (1976)); *De Aguilar v. Boeing,* 47 F.3d 1404, 1410 (5th Cir.1995) (pleading for damages below the jurisdictional amount in state court with knowledge that the claim is actually worth more to evade federal jurisdiction is "abusive manipulation" and "bad faith"); *Carpenter,* 44 F.3d at 366 (holding that plaintiff "may not avoid removal by artfully casting his federal suit as one arising exclusively under state law"). A plaintiff may not through innovative or manipulative pleading deprive a defendant of its right to a federal forum. "'[T]he Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals.'" *Alabama Great Southern Railway*

*Co. v. Thompson,* 200 U.S. 206, 218, 26 S.Ct. 161, 50 L.Ed. 441 (1906).

## ANALYSIS

The two issues before the Court are (1) whether the two remaining resident Defendants were fraudulently joined to defeat federal jurisdiction; and (2) whether the resident and non-resident Defendants were egregiously misjoined so as to constitute fraudulent joinder as to those Plaintiffs who were not treated by the resident physician Defendant.

### 1. Fraudulent Joinder

██ Defendants argue that the Plaintiffs have no possibility of establishing a cause of action against the resident Defendants because (1) the resident Defendants had no knowledge about the risk of addiction due to the Defendant pharmaceutical companies' alleged withholding of information; and (2) the claims are barred by the statute of limitations. The complaint does not allege a specific date when the cause of action arose. Plaintiffs' rebuttal brief states that Jones' claim arose after December 2000. Defendants bear the burden of demonstrating that removal is proper. Other than bare assertion, the Defendants have presented no evidence to demonstrate that the cause of action arose before December 2000. Resolving this in favor of Plaintiffs, the Court cannot say that there is no possibility of stating a cause of action due to the running of the statute of limitations.

As part of Plaintiffs' claim, they allege that Dr. Tanious withheld information about Stadol from Plaintiff Jones. However, the Plaintiffs also allege that the pharmaceutical companies withheld the same information from Dr. Tanious. These contradictory allegations alone would not allow Plaintiff Jones to go forward against Dr. Tanious. *See Louis v. Wyeth–Ayerst Pharms., Inc.,* no. 5:00cv102 (S.D.Miss. Sept. 25, 2000); *Brown, et al v. Bristol–*

*Myers Squibb Co. et al,* no. 4:02cv301 (S.D.Miss. Nov. 3, 2002). However, Plaintiffs also have alleged that Dr. Tanious failed to properly evaluate or provide follow-up treatment of Plaintiff Jones when she was prescribed Stadol and while she was taking Stadol. Defendants have not presented any summary judgment-type evidence that would demonstrate no possibility of recovery against Dr. Tanious on these claims.

Plaintiffs further alleged that Dr. Tanious did not comply with state regulations. The Mississippi Supreme Court in *Moore ex rel. v. Mem'l Hosp. of Gulfport,* 825 So.2d 658, 665 (Miss.2002), held that internal regulations may not create a separate cause of action, but they may serve as evidence of negligence.

Once the evidence has been fully developed by the proper court, it may be that Dr. Tanious was not negligent. However, it is impossible for this Court at this time to say that Plaintiff Jones has no possibility of establishing a cause of action against Dr. Tanious. Consequently, under clearly controlling precedent, the Court cannot conclude that Dr. Tanious was fraudulently joined.

### 2. Egregious Misjoinder

Having determined that Dr. Tanious was not fraudulently joined in the traditional sense, the Court must alternatively determine whether Plaintiffs joining together in this action and/or Plaintiffs' joinder of Defendants is an egregious misjoinder that equates to fraudulent joinder under Rule 20. The Eleventh Circuit has held that in some cases the misjoinder of parties whose claims involve "wholly distinct" transactions may equate to fraudulent joinder. *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir.1996), abrogated on other grounds, *Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.2000); 14B Wright, Miller & Cooper, Federal Practice

& Procedure § 3723 at 656–58 (3d ed.1998)(recognizing that *Tapscott* identified a new type of fraudulent joinder-"procedural misjoinder"). The operative facts in *Tapscott* are different from those at issue before this Court. Nevertheless, the general premise of *Tapscott* is applicable. The Fifth Circuit has instructed district courts to look at the issue of egregious misjoinder when considering motions to remand. *See In re Benjamin Moore & Co.,* 309 F.3d 296 (5th Cir.2002).

### A. Does Federal or State Rule 20 Apply?

The courts that have analyzed *Tapscott* are split on the issue of whether federal or state rules of joinder should apply. For example, in *Conk v. Richards & O'Neil, L.L.P.,* 77 F.Supp.2d 956 (S.D.Ind.1999), the district court held that the applicable standard is whether there is any possibility that the state court would find joinder permissible under the state rules. In *Johnson v. Glaxo Smith Kline,* 214 F.R.D. 416 (S.D.Miss.2002), the district court remanded a case to state court without deciding the joinder issue; however, the district court noted that "there is at least a possibility that the Mississippi court would find joinder proper should it be asked to decide the issue." *Id.* at 422. By contrast, in *Coleman v. Conseco, Inc.,* 238 F.Supp.2d 804 (S.D.Miss.2002), the district court held that the joinder rules are procedural rather than substantive in nature; therefore, Federal Rule 20 should apply. *Id.* at 816. In a subsequent case, the district court disavowed its holding in *Coleman* and concluded that Mississippi Rule 20 rather than Federal Rule 20 should apply. *See Sweeney v. Sherwin Williams Co.,* 304 F.Supp.2d, 868, 872–75 (S.D.Miss.2004). In another case, the district court noted that "although the language of both Rules is functionally identical, case law interpretations of Mississippi Rule 20 are more liberal than case law

interpretations of Federal Rule 20 in regard to joinder of plaintiffs and claims." *Ross v. Life Investors Ins. Co.*, 309 F.Supp.2d 842, 849–50 (S.D.Miss.2004).

Against this backdrop, the Mississippi Supreme Court recently acknowledged that federal courts "have found that M.R.C.P. 20 would allow joinder of plaintiffs in circumstances where F.R.C.P. 20 would not, even though the text of the two rules, in essence, are the same." *Janssen Pharmaceutica, Inc. v. Armond*, 866 So.2d 1092, 1094 (Miss.2004). However, in *Janssen*, the Mississippi Supreme Court held that

> the prescribing of the drug Propulsid by 42 different physicians to 56 different patients did not arise out of the same transaction, occurrence, or series of transactions or occurrences, and that joinder in this case unfairly prejudices the defendants. We hold that this joinder was improper and the trial court abused its discretion in denying the motion to sever and transfer.

*Id.* at 1095. As it was only concerned with interpreting Mississippi Rule 20, the court did not indicate whether the result would vary depending on whether the state or federal version of Rule 20 applies. The holding in *Janssen*, however, indicates little difference in how the Mississippi Supreme Court would interpret and apply Mississippi Rule 20 and how the federal courts would interpret and apply Federal Rule 20.[1]

The diversity jurisdiction statute, 28 U.S.C. § 1332(a) and (a)(1), vests original jurisdiction in federal district courts where there is complete diversity of citizenship and the amount in controversy exceeds the jurisdictional amount. The removal statute, 28 U.S.C. § 1441, provides that any suit brought in state court which could have been brought in a federal court may be removed by the defendant or defendants if there is no "properly joined and served" in-state defendant.

■ Specifically, § 1441(a) provides "any civil action [including diversity] brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed* ...." (emphasis added). Section 1441(b) specifically provides that diversity jurisdiction cases "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Since § 1441(a) refers to civil actions *brought in state court* and because § 1441(b) provides that these diversity jurisdiction cases may be removed only if an in-state defendant has not been "properly joined and served as defendant[ ]," § 1441(b) refers to proper joinder in the state court proceeding. Since the reference is to a state court proceeding, joinder in that action could only be proper in accordance with the state rule of procedure on joinder, not the federal rule of joinder. This Court concludes therefore that the question of egregious misjoinder must be resolved by considering Mississippi Rule 20.[2] However, this is of no mo-

---

1. Federal rules provide for class certification. *See* Fed.R.Civ.P. 23. Mississippi Rules of Civil Procedure have no provision for class certification, which may explain why the Mississippi Supreme Court in the past may have permitted more liberal permissive joinder of parties, as a substitute for class certification. *See Janssen*, 866 So.2d at 1103 (Graves, J. *concurring*) ("Our Rule 20 has long been used in lieu of a class action rule."). Howev-

er, a number of recent cases that have come before this and other district courts indicates that this more permissive approach may have been abused. In *Janssen*, the Mississippi Supreme Court seemed to be attempting to correct that abuse.

2. The Supreme Court has held that state procedural rules "cannot control the privilege of removal granted by the federal statute." *Chi-*

ment as this Court concludes that the Mississippi Supreme Court would interpret Mississippi Rule 20 just as the federal courts would interpret Federal Rule 20 under the circumstances of this case. *See, Janssen, supra.*

Mississippi Rule 20 sets out what plaintiffs and what defendants may be permissively joined.

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.

The first sentence of Rule 20 sets out the criteria as to when *plaintiffs* may be joined together in one action. The second sentence of Rule 20 sets out the criteria as to when *defendants* may be joined in one action. Just because all plaintiffs may be joined in an action does not necessarily mean that all named defendants are appropriately joined.

*Plaintiffs* may join together if they allege a claim "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." *Defendants* may be joined together only if there is an alleged claim against the defendants "arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to *all* defendants will arise in the action." (emphasis added).

■ Without question all Plaintiffs have alleged a claim against the pharmaceutical Defendants arising out of the same series of transactions or occurrences, i.e., the manufacture and marketing of Stadol. Obviously there are common questions of fact and law that apply to the claims of all Plaintiffs against the pharmaceutical Defendants. Consequently, the Plaintiffs are not misjoined in their claims against the pharmaceutical Defendants.

As noted, it is not only necessary that the Plaintiffs are properly joined in the same action under Mississippi Rule 20, but the Defendants must also be properly joined. There is no misjoinder as to Plaintiff Jones' claim against the pharmaceutical company and the treating physician. Plaintiff Jones' claim against her treating physician and the pharmaceutical Defendants have a common transaction or occur-

---

cago R.I. & P.R. Co. v. Stude, 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317 (1954) (holding that federal rather than state law defines who is a "defendant" for purposes of removal). Whether removal is proper "turns on the meaning of the removal statute and not upon ... state statutes or decisions." *Shamrock Oil & Gas Co.,* 313 U.S. at 104, 61 S.Ct. 868. The removal statute "must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts." *Id.* The Fifth Circuit has held that ultimately. "[t]he power of a federal

court to hear and adjudicate may not generally be limited by a state procedural rule." *Jackson v. United States Postal Serv.,* 799 F.2d 1018, 1020 (5th Cir.1986). Based on the foregoing case law and the Supremacy Clause of the Constitution, one could argue that the Fed.R.Civ.P. 20 should apply, were it not for the fact that the federal removal statute itself implicates the state rule regarding proper joinder. Regardless, the result under the facts of this case would be the same whether applying the federal or state rule on permissive joinder.

rence, that is the injury which she allegedly sustained as a result of ingesting Stadol. There are common issues of law and fact relating to the cause of these injuries and the extent of these injuries.

██ The problem arises in the joinder of Dr. Tanious with the pharmaceutical Defendants as to the claims of the Plaintiffs not treated by Dr. Tanious. The four Plaintiffs not treated by Dr. Tanious do not allege a claim arising out of the same transaction or occurrence, or series of transactions or occurrences against both Dr. Tanious and the pharmaceutical companies that caused their injuries. And they cannot, because there was none. Likewise there are no common questions of law or fact as between the physician Defendants and the pharmaceutical Defendants as to the claims of the four Plaintiffs not treated by Dr. Tanious. The second sentence of Rule 20 plainly says that there must be common questions of law or fact as to *"all* defendants." (emphasis added).

The only purpose of joining Dr. Tanious as a Defendant to the claims of these four Plaintiffs would have been to defeat the right of the pharmaceutical companies to a federal forum. By no stretch of the imagination could these four Plaintiffs have sued the pharmaceutical Defendants and avoided removal to federal court if they had not hitched their claim to the claim of Linda Jones. Consequently, with respect to the four Plaintiffs not treated by Dr. Tanious, there was a misjoinder. The Court concludes that Mississippi Rule 20 does not authorize such. The Court finds that Dr. Tanious was egregiously misjoined with the pharmaceutical company as to all Plaintiffs who were not treated by Dr. Tanious. This is in accord with the plain language of Rule 20.

It makes sense to join parties if there are common occurrences *and* common issues of law or fact. But trying unrelated issues in one case defies commonsense and promotes neither justice nor judicial efficiency. In *Janssen,* the Mississippi Supreme Court considered the joinder of 56 plaintiffs in a single lawsuit against 42 different physicians and explained that "a joint trial would require 56 different fact situations, 56 sets of medical histories, and 56 sets of witnesses and testimony. . . . Instead of fostering efficiency such a trial would unavoidably confuse the jury and irretrievably prejudice the defendants." 866 So.2d at 1098. An egregious misjoinder does not make sense and does not comport with Rule 20. Claims that do not arise out of a common occurrence or transaction and do not have common issues should not be tried together.

Several federal district courts have reached a similar conclusion and denied remand based on misjoinder of physician defendants. *See In re Rezulin Products Liability Litigation,* 168 F.Supp.2d 136, 148 (S.D.N.Y.2001) (severing six of eleven plaintiffs who did not assert claims against non-diverse physician defendants); *In re Diet Drugs,* 1999 WL 554584, *3–4 (E.D.Pa.1999) (applying *Tapscott* and finding egregious misjoinder where plaintiffs attempted to join persons from seven different states who had no connection with one another except that each ingested diet drugs); *In re Orthopedic Bone Screw Products,* 1995 WL 428683, *2 (E.D.Pa. 1995) (finding misjoinder where plaintiffs from different states were treated by different medical providers); *Simmons v. Wyeth Laboratories, Inc.,* 1996 WL 617492, *2–3 (E.D.Pa.1996).

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' Motion to Remand is GRANTED in part and DENIED in part. It is granted as to Plaintiff Jones. Her cause of action against Dr. Tanious and the pharmaceutical company is severed and remanded to Circuit Court of Covington County, Mississippi. The

claims of all the Plaintiffs who did not allege a claim against a resident Defendant will remain in this Court. Consequently, the Motion to Remand is denied as to all Plaintiffs other than Plaintiff Jones.